STEPHEN O. BROWN *vs.* EASTERN SLATE COMPANY & others.

Suffolk.   Jan. 25. — April 3, 1883.   FIELD & W. ALLEN, JJ., absent.

A promissory note, signed with the name of a corporation by its treasurer, and indorsed with its name by its directors, was delivered to a person, under a written agreement between him and the corporation, by which he sold property to the corporation and the corporation was to give the note as the price, and in pursuance of a contemporaneous oral agreement, made in a talk with the directors, "that there should be no personal liability on the note referred to" in the written agreement. He afterwards recovered judgment against the corporation in an action at law upon the note. *Held*, on a bill in equity against the stockholders of the corporation, to enforce payment of the judgment, under the Sts. of 1870, c. 224, §§ 39 & seq., 1875, c. 177, § 1, and 1876, c. 1, § 1, that the oral agreement meant that there should be no statutory liability on the part of the stockholders; and that this agreement was admissible in defence, and was not merged in the judgment.

HOLMES, J.   This is a suit in equity against original stockholders in a Massachusetts corporation, created November 5, 1877, who have never paid in full the par value of their shares, to establish and enforce a personal liability under the Sts. of 1870, c. 224, §§ 39 & seq., 1875, c. 177, § 1, 1876, c. 1, § 1. (Pub. Sts. c. 106, §§ 61 & seq.)   The original contracts on which the plaintiff recovered his judgment at law were five promissory notes, signed with the name of the company by its treasurer, and indorsed with the name of the company by its directors.   These notes were delivered under a written agreement between the plaintiff and the corporation, by which the plaintiff sold property to the company and the company was to give the notes as the price, and in pursuance of a contemporaneous oral agreement, made in a talk with the directors, "that there should be no personal liability on the notes therein [that is, in the above-mentioned writing] referred to."   This agreement is one of the defences relied on.

So far as its construction is concerned, we see no reason for limiting it to the directors.   No one was personally liable except by statute.   The stipulation therefore must be taken to refer to statutory liability.   An agreement that there should be no personal liability, in the sense of no statutory liability, means on its face no statutory liability on the part of anybody, and

there is nothing in the circumstances to cut it down.   The more difficult question is, whether an oral contract of this nature does not vary the written contracts, and whether evidence of it is not therefore inadmissible.

The original contract may be laid out of the case, for the reason that that would have been satisfied by the delivery of notes on which there was no personal liability.   The plaintiff could not have complained if the members had paid up their stock before the notes were handed over.   But the notes which were given were notes carrying a personal liability in a certain sense, and it may be argued with more force that the oral agreement attempted to vary them in their legal effect.

The agreement does not touch anything to be read on the face of the notes.   In terms, the notes promise only the payment of a sum of money by the company on a certain day.   They have nothing to say about the defendants at all.   If then the agreement is held to vary them in their legal effect, it must be on the ground that the statute which makes stockholders liable in certain cases makes that liability a term of the notes by implication.

With regard to this, it will be observed that the statute does not create a chartered partnership which remains a partnership and contracts as such, although granted certain corporate powers. It does not make or leave the members primary contractors or debtors.   It creates a corporation out and out, and then imposes a secondary and subsidiary liability upon the members "for its [the corporation's] debts or contracts."   The liability of the members does not arise until after the contract has been broken, a judgment recovered upon it, and execution returned unsatisfied.   The corporation is the only promisor or debtor, it alone breaks the contract by its failure to pay, and it alone is sued.   The liability of the members is no part of the original undertaking, but a consequence attached by the law to its breach.

But the rule excluding evidence of oral agreements to vary a writing goes no farther than the writing goes.   And, at most, the writing only expresses the obligation assumed by the party signing it.   If an oral agreement were set up to diminish or enlarge the extent of the promisor's liability for a breach of the

written promise, it might possibly be held inadmissible on the ground that a contract is at common law nothing but a conditional liability to pay damages, defeasible by performance, and that therefore the amount of damages to be paid is part of the legal import of the written words. But, even on this point, the tendency of some Massachusetts cases has been the other way. *Ayer* v. *Tilden*, 15 Gray, 178, 183, 184. *Ives* v. *Farmers' Bank*, 2 Allen, 236. Cf. *Horne* v. *Midland Railway*, L. R. 7 C. P. 583, 591; *S. C.* L. R. 8 C. P. 131, 140; *Hydraulic Engineering Co.* v. *McHaffie*, 4 Q. B. D. 670, 674, 676. And the most obvious and natural view is, that the promise is the only thing which the writing has undertaken or purports to express, either in words or by legal implication. Certainly the writing does not extend to the remedies which the law will furnish for the collection of damages, even from the promisor himself, as is shown by the fact that they are governed by the *lex fori ;* and, *a fortiori*, not to the collateral statutory liability of third persons not parties to the writing. The decisions of this court have gone far towards treating such a liability as matter of remedy. *Halsey* v. *Mc-Lean*, 12 Allen, 438, 442. The liability in question may be part of the obligation of contracts of the corporation in a constitutional sense, so that it could not be done away with by statute as to contracts already made. *Hawthorne* v. *Calef*, 2 Wall. 10. But the same thing is quite as clearly true of the ordinary remedies against the promisor, which no one supposes to be part of the contract itself. So of the statute of limitations. So far as the question raised in this case is concerned, the power to collect the debt of a corporation from third persons stands on the same footing as the power to levy for it upon real estate.

We have not considered whether the oral agreement is to be regarded as made with the corporation, or with these stockholders in person through the agency of the directors. It would seem to be possible to take it either way; the consideration in the former case being the delivery of the notes, in the latter, the consent to issue them. But it is not necessary to decide the point, because, even taking it to have been the contract of the corporation, the plaintiff could not strike at the members of that corporation in a court of equity through and by means of a transaction which bound him not to do so.

It was suggested that there was a merger by the judgment. The suggestion assumes that the oral agreement was made with the corporation; but, granting this, the agreement was not merged, for the simple reason that it was wholly on one side of the judgment, which it permitted and contemplated. The equity which it raised did not modify the contract contained in the notes, as we have said already. But, if it had done so, a sufficient answer, so far as merger is concerned, would be that a joint judgment has been held not to affect even the equities of a surety in a court of law. *Carpenter* v. *King,* 9 Met. 511, 516.

*Bill dismissed.*

*E. S. Mansfield,* for the plaintiff.

*C. S. Lincoln, A. Russ, & C. F. Donnelly,* for the various defendants.