HERMAN KATZ *vs.* HARRY T. DUNN & others.

Suffolk.    March 7, 8, 1933. — February 15, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Bills and Notes,* "No recourse" clause, Corporation note. *Contract,* Validity. *Corporation,* Officers and agents. *Equity Jurisdiction,* Suit to enforce liability of officers and directors of corporation, Retention of suit, Receivership proceedings. *Jurisdiction.*

A note of a corporation contained the following clause: "No recourse shall be had for the payment of this note or of the interest hereon against any stockholder, officer or director, as such, of the Company, either directly or through the Company, by virtue of any statute or the enforcement of any assessment or otherwise; such liability of stockholders, directors or officers as such being released by the bearer or registered owner hereof by the acceptance of this Note . . . ." *Held,* that
    (1) Such clause was a bar to a suit in equity by a holder of such note against officers and directors of the corporation under G. L. c. 156, § 36, based on allegations that false reports of condition made by them were filed with the commissioner of corporations and taxation; following *Continental Corp.* v. *Gowdy*, 283 Mass. 204;
    (2) Such provision was not invalid as against public policy or because it released the defendants from liabilities which had not matured at the time the note was issued; following *Continental Corp.* v. *Gowdy*, 283 Mass. 204.
A decree of a district court of the United States, issued in receivership proceedings against a Massachusetts corporation and enjoining creditors of the corporation and others from instituting and prosecuting

suits and actions "for the purpose of impounding or taking possession of or interfering with any property owned by or in the possession of the defendant or the Receivers, . . . and from doing any act or thing whatsoever to interfere with the possession and management by the Receivers of the property and assets of the defendant or in any way to interfere with the Receivers in the discharge of their duties," did not deprive a court of this Commonwealth of jurisdiction of a suit in equity by a creditor against the corporation and officers and directors under G. L. c. 156, § 36; and was not a bar to such suit.

It having been ruled that a suit of the character above described could not be maintained against the officers and directors of the corporation by reason of the "no recourse" clause above quoted, the court could not be required to retain jurisdiction of the suit for the purpose of affording relief, even if any were possible, against the corporation, which had pleaded want of equity as a defence.

BILL IN EQUITY, filed in the Superior Court on May 21, 1932, and described in the opinion.

The Fisk Rubber Company, one of the defendants, was a Massachusetts corporation. The decree of the District Court of the United States, set up in the plea of the corporation and referred to in the opinion, in effect purported to enjoin creditors of the corporation and others from instituting and prosecuting suits and actions against the corporation "for the purpose of impounding or taking possession of or interfering with any property owned by or in the possession of the defendant or the Receivers, . . . and from doing any act or thing whatsoever to interfere with the possession and management by the Receivers of the property and assets of the defendant or in any way to interfere with the Receivers in the discharge of their duties."

The suit was heard on demurrers and pleas by *Qua*, J., by whose order there was entered an interlocutory decree sustaining the demurrers by reason of the "no recourse" clause described in the opinion; and, in substance, adjudging the pleas sufficient and allowing them, except that the plea of the corporation as to the decree of the Federal District Court was disallowed and overruled. A final decree dismissing the bill also was entered. The plaintiff appealed.

*Lee M. Friedman*, (*P. D. Turner* with him,) for the plaintiff.

*R. G. Dodge*, (*W. A. Barrows* with him,) for the defendants Dean and another.

*C. H. Beckwith*, for the defendant Fisk.

*S. C. Rand*, (*W. B. Manhard* with him,) for the defendant Wood.

*R. DeW. Mallary & M. P. Gilbert*, for the defendant Broadwell and another, *& J. M. Kendricken*, for the defendant Pratt, submitted a brief.

RUGG, C.J.   The plaintiff as the holder of certain promissory notes of The Fisk Rubber Company (a defendant and hereafter called the corporation) seeks by this suit in equity to establish and enforce the liability of its officers and directors (herein referred to as the defendants) for the amount of such notes under G. L. c. 156, § 36, on the ground that false reports of condition made by them were filed with the commissioner of corporations and taxation.   The material allegations of the bill are that the plaintiff is the holder of certain notes of the corporation which have become due and on which payment has been defaulted and that thus the corporation is indebted to him; that demand was duly made for these debts, that the defendants were directors of the corporation at the time the contracts evidenced by the notes were executed and delivered, and that each signed reports of condition of the defendant corporation which, as required by G. L. c. 156, were filed with the commissioner of corporations and taxation, and which were false in overstating the assets of the corporation, and that each defendant knew or on reasonable examination could have known of this falsity.   The corporation pleaded want of equity. The defendants pleaded that the plaintiff was barred from relief by a "no recourse" clause in each of the notes in suit of the tenor following: "No recourse shall be had for the payment of this Note or of the interest hereon against any stockholder, officer or director, as such, of the Company, either directly or through the Company, by virtue of any statute or the enforcement of any assessment or otherwise; such liability of stockholders, directors or officers as such being released by the bearer or registered owner hereof by the acceptance of this Note and being also waived and released by the terms of the Agreement."   The court ruled that the "no recourse" clause was "a complete bar to the

maintenance of the suit." An interlocutory decree was entered respecting the demurrers and pleas and a final decree dismissing the bill. The plaintiff appealed.

There was no error in the decrees. The "no recourse" clause is in terms applicable to the statutory liability of the defendants as directors and officers for the contractual obligation of the corporation on the notes. It is not invalid as against public policy or because it releases the individual defendants from liabilities which had not matured at the time the notes were issued. *Continental Corp.* v. *Gowdy,* 283 Mass. 204. In that case, suit was brought against directors under G. L. c. 156, § 36, to enforce personal liabilities for corporate indebtedness. A similar "no recourse" clause in the corporate bonds was considered at length and held to bar recovery. Every one of the arguments and authorities relied on by the present plaintiff was considered and disposed of by that recent judgment rendered since the argument in the case at bar. It would serve no useful purpose to review them here. That decision completely governs the case at bar adversely to the contentions of the plaintiff. See also *Brown* v. *Eastern Slate Co.* 134 Mass. 590.

The part of the plea of the corporation setting up an injunction dated January 3, 1931, issued by the United States District Court, prohibiting creditors from suing the defendant, was rightly disallowed and overruled. That injunction, in the circumstances disclosed, could not operate to deprive the courts of this Commonwealth of jurisdiction. 36 U. S. Sts. at Large, 1162, § 265. *Kline* v. *Burke Construction Co.* 260 U. S. 226. *Grubb* v. *Public Utilities Commission,* 281 U. S. 470, 476.

No equitable relief can be granted. The court was not required to retain jurisdiction for the purpose of affording relief, if any be possible, against the corporation. The bill was rightly dismissed. *Booras* v. *Logan,* 266 Mass. 172, 175. *Florimond Realty Co. Inc.* v. *Waye,* 268 Mass. 475, 480.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*