JAMES O'HARA v. WESTERN MORTGAGE LOAN COMPANY. COON VALLEY STATE BANK, RESPONDENT.

COLFAX GRANT AS RECEIVER OF WESTERN MORTGAGE LOAN COMPANY, APPELLANT.[1]

December 24, 1920.

No. 21,931.

**Judgment—modification within one year.**
    1. The district court may, in its discretion, at any time within one year after notice thereof, for good cause shown, modify or set aside its judgments, orders or proceedings, whether made in or out of term. G. S. 1913, § 7786.

**No abuse of discretion in vacating order disallowing a claim not then filed.**
    2. Under the facts as shown by the record, the trial court did not

[1]Reported in 180 N. W. 701.
    147 M.—27.

abuse its discretion in vacating a previous order upon the ground that it was improvidently made.

Colfax Grant was appointed receiver of Western Mortgage Loan Company by the district court for Hennepin county. Coon Valley State Bank, a claimant against the mortgage company, thereafter obtained an order directing the receiver to show cause why an order disallowing its claim, made by Dickinson, J., on January 9, 1919, should not be vacated. From an order granting claimant's motion to vacate that order, Hale, J., the receiver appealed. Affirmed.

A. E. Helmick and Colfax Grant, for appellant.

M. A. Jordan and Thomas Kneeland, for respondents.

QUINN, J.

This action was brought to procure the appointment of a receiver to take charge of the property and effects of the Western Mortgage Loan Company, in Hennepin county. From an order made by Honorable William E. Hale, judge of the district court, on March 24, 1920, vacating an order made by Honorable H. D. Dickinson, judge of the same court, on January 9, 1919, disallowing a claim of the Coon Valley State Bank, the receiver appealed.

In January, 1917, the Western Mortgage Loan Company, hereinafter referred to as the loan company, and L. O. Tollefson, executed a promissory note for $4,000, payable on demand, to the order of Roy B. Larson. Larson indorsed the note and returned it to the loan company. The loan company turned the same over to the Bank of Commerce of Minneapolis, together with 15 promissory notes of the face value of $6,500, secured by mortgages upon certain lots, with assignments thereof executed in blank, as collateral thereto. Larson was the secretary of the loan company and held the record title to the lots covered by the mortgages in his name for the company. Thereafter the Bank of Commerce transferred the note, together with the collateral and assignments in blank, to the Coon Valley State Bank of Wisconsin, which claimed to be the owner thereof. Subsequent to the appointment of a receiver the court filed an order limiting the time in which to file claims to not later than May 4, 1918.

The Coon Valley Bank, on April 30, 1918, presented a petition to the

court, setting forth that the loan company was indebted to it upon such $4,000 note; that Tollefson was insolvent and Larson had no property subject to execution; that the collateral was insufficient to satisfy the claim; that the bank intended to look to the estate for the deficiency; that it had no way of protecting its interest except by filing a contingent claim with the receiver, and asked for an order permitting it to file a claim therefor after the expiration of the time fixed for filing claims, when it had realized upon the collateral.

A hearing upon the return of the order to show cause was set for December 21, 1918, before Judge Dickinson, but was continued by order of the court to January 8, 1919. The receiver filed an answer to the petition in the form of a general denial. There was no appearance on the part of the claimant. On January 9, 1919, the court filed an order dated on that day, adjudging and decreeing that the claim of the bank be in all things disallowed, but made no mention of its request to file such claim.

The order limiting the time for filing claims provided that all claims be presented to the receiver at his office, in the form of verified statements of claims, for presentation by him to the court. No such verified statement was filed or presented, nor does the bank's petition constitute such a statement. No such statement could be made until after the bank had realized upon the collateral which it held. Subsequently the bank procured an order from the court, returnable February 11, 1920, requiring the receiver to show cause, if any there be, why the order of January 9, 1919, should not be vacated and set aside. Upon the return of such order, Judge Dickinson continued the hearing thereon until the trial of the case of the Receiver against State Bank of Commerce and the Coon Valley State Bank. At the time of the trial of the latter case on March 24, 1920, the matter of hearing upon the order to show cause, was taken up before Judge Hale and was fully submitted upon the showing made and argument of counsel. The court thereupon made and filed its order, which, after reciting the formal steps, was as follows: "It is ordered, that the said motion be and is hereby granted and that said order dated January 9th, 1919, made by the Honorable H. D. Dickinson be and it is hereby vacated and set aside on the ground that it was improvidently made."

It appears from the stipulation of the parties, that notice of the filing of the order of January 9 was served upon the bank on March 27, 1919. Our statute provides that the court, in its discretion, at any time within one year after notice thereof, may, for good cause shown, modify or set aside its judgments, orders or proceedings, whether made in or out of term. G. S. 1913, § 7786.

It is apparent that the court had good cause for arriving at the conclusion it did. It is manifest that Judge Dickinson never intended to sign such an order as was filed on January 9. The order made no reference to the relief asked for in the order to show cause. It purported to disallow a claim that had never been made or presented to the court. The claimant did not ask for leave to file its claim until such time as it had realized upon the collateral which it held. It could not have been made at the time of the issuing of the order to show cause. It was in no way in accord with the relief asked for in the order to show cause. We think the court was clearly justified in setting aside the order.

Affirmed.