# CHARLES F. HOSFORD, JR. v. CUYUNA MINNEAPOLIS IRON COMPANY.
## B. W. WILDER AND ANOTHER, INTERVENERS-APPELLANTS.[1]

September 29, 1922.

No. 22,922.

**Assessment of stockholders in insolvent corporation.**

1. The refusal to vacate an order for an assessment on the stockholders of an insolvent corporation to give some of them an opportunity to be heard as to the amount of the assessment, is justified, unless, upon the showing made, the court, in the exercise of sound judicial discretion, should have vacated the order.

**Notice of application for assessment may be published.**

2. Notice of hearing an application for an order levying an assessment on stockholders may be given by publication if the court so directs.

**Refusal to vacate order of assessment sustained.**

3. It did not appear from the showing made that the court failed to consider assets of the corporation which should have been taken into account in determining whether a stockholders' assessment was necessary, or that the assessment was excessive. The order refusing to vacate it on these grounds was justified.

Action in the district court for Crow Wing county to sequestrate the property of defendant corporation and for the appointment of a receiver. A receiver having been appointed, he filed a petition for an assessment upon the stockholders. After hearing, an assessment of 100 per cent of the par value was ordered on every share of the capital stock, McClenahan, J. Lewis L. Drill and other stockholders obtained an order to show cause why the order for assessment should not be vacated, and why they should not be allowed to serve and file their complaint in intervention, and for a rehearing on the petition of the receiver. From an order discharging the or-

[1] Reported in 189 N. W. 1025.

der to show cause, denying relief thereby sought and vacating the restraining order made part of the order to show cause, the persons named as interveners appealed. Affirmed.

*Haycraft & McCune, Drill & Drill,* and *Lancaster, Simpson, Junell & Dorsey,* for appellants.

*O'Brien, Stone, Horn & Stringer,* and *Alderman & Clark,* for respondent.

LEES, C.

The defendant is a mining company incorporated in this state, but its articles of incorporation failed to limit its activities exclusively to mining, and hence there is liability to creditors on the part of its stockholders. Its authorized capital stock was one million shares, each of the par value of one dollar, and practically all of it had been issued. A judgment was recovered against the corporation, upon which an execution was issued and returned unsatisfied. Thereupon this action was commenced to sequestrate its property and have a receiver appointed, and Mal Clark, an attorney at Brainerd, was duly appointed. On his appointment, he filed a petition for the assessment of the stockholders, and an order was duly entered levying a 100 per cent assessment. Pursuant to the court's direction, two weeks' published notice of the hearing of the petition had been given. Until they received notice of the assessment through the mails, the appellants did not know of the proceedings. They promptly applied to the court for the vacation of the order levying the assessment and for leave to serve and file a complaint in intervention to contest the receiver's application therefor. An order to show cause was issued and at the hearing affidavits were presented by the interveners and the receiver, and the testimony of the receiver was taken. Subsequently the court dischargd the order to show cause and denied the interveners any relief, and they appealed.

The sole question is whether, upon the showing made, the court erred in refusing to vacate the order levying the assessment. The refusal to vacate and to give appellants an opportunity to be heard cannot be called into question here, unless the showing they

made was such as to require the court, in the exercise of sound judicial discretion, to grant their demand for relief. Section 7786, G. S. 1913. O'Hara v. Western Mortgage Loan Co. 147 Minn. 417, 180 N. W. 701.

The order was made upon proper notice. Section 6645, G. S. 1913, directs that such notice of hearing the receiver's petition shall be given as the court deems proper and shall order, and that it may be given by publication or otherwise. The statute does not require the notice to be mailed to the stockholders or served upon them personally. The substance of appellants' complaint with respect to the character of the notice is that it did not actually apprise them of the proceeding which resulted in the assessment. That fact did not affect the jurisdiction of the court to order the assessment. At most it was a circumstance to be considered in passing upon the application for the vacation of the order.

The indebtedness of the corporation was $516,534.69. Its assets $2,800 in addition to the claims hereafter mentioned. It had filed a claim of $3,000,000 against the United States under an act of Congress providing for the reimbursement of producers of manganese ore for expenditures made during the war with Germany to increase the production of ore to serve the needs of the government. The appellants assert that the court did not take this claim into account in considering the financial condition of the corporation. They also assert that the primary liability of stockholders who paid the corporation nothing, or less than par for the stock they obtained from it, was not taken into consideration, and that it amounted to as much as $800,000. Finally, they assert that an assessment of one million dollars to pay an indebtedness of $516,534.69 would be excessive, even if the corporation had no assets. The sum and substance of appellants' complaint is that, by denying them an opportunity to be heard, an unnecessary, or at least a grossly excessive, assessment has been levied and is allowed to stand.

At the hearing the receiver produced evidence tending to show that the claim against the United States was in charge of an attorney at Washington who was to receive for his services a contingent fee of 50 per cent of the amount realized, and that he had reported

that in his opinion the maximum allowance realized would not exceed $60,000. On this showing, the alleged asset of $300,000 shrinks to $30,000.

With respect to the primary liability of stockholders who obtained their stock without paying for it in full, the receiver showed that but 1,896 shares of such stock are owned by residents of Minnesota. It was shown that one Frank W. Merritt had transferred to the corporation a tract of land, a mining lease, and an option covering an interest in another mining lease, and had received in exchange all but a few shares of the entire authorized capital stock. In this transaction he agreed to return and did return 549,997 shares to the corporation, which it carried on its books as treasury stock. One hundred four thousand and six hundred ninety-one shares were subsequently sold by the corporation at prices ranging from 40 cents to 60 cents a share, and 100,000 shares were turned over to Henry A. Berg, a Pennsylvania banker, as a bonus in connection with the sale of bonds amounting to $300,000, which the corporation issued and sold.

Appellants assert that the transaction with Merritt was a palpable attempt to evade section 6193, G. S. 1913, prohibiting a corporation from issuing its stock for a less amount actually paid in than its par value, and that all the persons who obtained any of the stock so returned without paying par therefor may and should be compelled to pay for it in full before the stockholders' constitutional liability is enforced. There seems to be a substantial basis for this assertion, the transaction being not unlike the one condemned in Wallace v. Carpenter Elec. H. Mnfg. Co. 70 Minn. 321, 73 N. W. 189. Nevertheless the fact remains that in all probability there will have to be litigation before the receiver can convert these claims into money; that most of the litigation will have to be carried on in other states; that the outcome is uncertain and his ability to collect any judgments he may recover is also uncertain. Unless the available assets, or such amount as might be realized therefrom within a reasonable time, will be sufficient to pay the expenses and the corporate debts in full and without delay, the court was justified

in refusing to disturb the order for the assessment. Section 6646, G. S. 1913.

We are of the opinion that the showing made by appellants with respect to both sources from which the receiver may obtain funds was not such as to require the conclusion that expenses and debts could be paid promptly without resorting to an assessment upon the stockholders, and that no better showing could be made if the application for the assessment were to be heard anew.

It is quite possible that, as the result of enforcing the maximum liability of the stockholders, more money may come into the receiver's hands than will be needed to pay the debts and expenses. But if judgments are recovered against solvent stockholders, aggregating in amount more than enough to pay all demands, execution may be stayed if the court so directs, for all proceedings on the part of the receiver are within its control. In addition to this protection against arbitrary or unnecessary action by the receiver, which appellants profess to fear, they have the further protection of the statute, section 6651, G. S. 1913, which provides for the return of any surplus remaining in the receiver's hands after the expenses and debts are paid. See also Straw & E. Mnfg. Co. v. L. D. Kilbourne B. & S. Co. 80 Minn. 125, 83 N. W. 36, and Finch, Van Slyck & M. v. Vanasek, 132 Minn. 9, 155 N. W. 754. Taking into consideration the magnitude of the indebtedness, the fact that some of the stockholders cannot be located; that some are alleged to be insolvent; that only a small portion of the stock is owned in this state; that the corporation has no live assets; that its claims heretofore mentioned cannot be converted into money without delay; that the amount which may be realized from them is uncertain; that the probable expense of the receivership will be considerable, and the rule that it is largely within the province of the district court to determine the amount of an assessment and that this court should not interfere unless it is palpably beyond all reasonable necessity, Finch, Van Slyck & M. v. Vanasek, supra, we hold that, in the exercise of its discretion, the court was justified in discharging the order to show cause and in refusing to set aside the order for the assessment.

Order affirmed.