JOHN DANNER and another *vs.* AUGUSTUS R. CAPEHART.

## July 18, 1889.

**Stay of Proceedings—Order without Notice.**—An order of the district court in an action, made without notice to the opposite party, where he is entitled to it, is not void, only irregular.

**Same—Vacating Judgment—Discretion.**—The matter of temporarily staying proceedings in an action is ordinarily in the discretion of the court; so, also, is the matter of setting aside a judgment on the ground that its entry ought to have been temporarily stayed.

Appeal by defendant from an order of the district court for Ramsey county, *Kelly,* J., presiding, denying his motion to set aside a judgment. The return to this court does not show the nature of the action or of the judgment.

*O. E. Holman,* for appellant.

*J. F. Merrill,* for respondent.

GILFILLAN, C. J. This cause was referred for trial, and, having been tried, the referee made his report finding the facts, and directing judgment in favor of plaintiffs, and was about to file the same, when, on August 8, 1888, the court below, on the application of defendant, without notice to plaintiffs, made an order staying all proceedings in the cause for 20 days after written notice to defendant's attorney of the filing of the report with the clerk. On October 24th the court, on plaintiffs' application, without notice, made an order vacating the prior order. The first of these orders was erroneous, because it was made without notice, and was for a stay for more than 20 days. The second order was erroneous because the defendant was entitled to, but did not have, notice of the application for it; but, though irregular or erroneous, it was not void, and while it remained in force it had the effect to vacate the prior order. On October 27th judgment in favor of plaintiffs was entered on the report of the referee. November 10th defendant made application for an order setting aside the judgment, which application was refused, and he appeals from the order refusing it to this court.

As the order of October 24th was not void, the entry of judgment was technically correct. It did not stand, therefore, on the same footing as a judgment wrongfully entered, and the defendant did not have a legal right to have it set aside. The matter of staying proceedings in an action temporarily, rests, ordinarily, very much in the discretion of the court, not only when an application for such a stay is made, but also, if a stay has been granted, when an application to vacate the stay is made; and the matter of setting aside a judgment on the ground that its entry ought to have been temporarily stayed, especially if a stay has been prevented through irregularities in practice, is likewise in the discretion of the court. We see no reason for supposing that the court below did not properly exercise its discretion in the present instance.

Order affirmed.