# WILLIAM P. HARRISON, AS RECEIVER OF UNITED STATES & DOMINION LIFE INSURANCE COMPANY v. E. C. CARMAN.[1]

July 1, 1921.

No. 22,317.

**Constitutional liability of stockholder — possible defenses.**

1. The assessment levied by the court against a stockholder in a corporation does not preclude the defense that he was not a stockholder at all, or was not the holder of so large an amount of stock as was alleged in the complaint in an action brought to enforce his constutional liability.

**Directed verdict not warranted.**

2. The evidence did not justify the court in directing a verdict against defendant for the full amount of his assessments.

Action in the district court for Hennepin county to enforce defendant's constitutional liability as stockholder in the insolvent corporation. The case was tried before Fish, J., who when plaintiff rested denied defendant's motion for dismissal and his motion for a directed verdict and granted plaintiff's motion for a directed verdict. Defendant's motion for judgment notwithstanding the verdict or for a new trial, was denied. From the judgment entered pursuant to the verdict, defendant appealed. Reversed.

*Ernest C. Carman* and *Gordon Cain,* for appellant.

*A. E. McManus,* for respondent.

LEES, C.

Appeal from a judgment for plaintiff in an action to enforce defendant's constitutional liability as a stockholder in a corporation. The complaint alleged that defendant had subscribed for and was the owner of 10 shares of stock; that in proceedings in the district court of St. Louis county, a first assessment of 50 per cent was levied against each

[1] Reported in 183 N. W. 826.

share of stock the corporation had issued, and later a second assessment of like amount, and that defendant failed to pay either assessment. The answer was a general denial. The trial was by jury. Being called for cross-examination, defendant testified that, as an attorney at law, he drew articles of incorporation and attended the first meeting of the corporation; that a certificate for 5 shares of stock was issued and delivered to him; that it was the only certificate he ever had and that he never owned any stock in the corporation except these 5 shares. To prove that defendant was a stockholder, plaintiff read in evidence the stubs in the certificate book for certificate No. 95 for 5 shares and certificate No. 256 for 5 shares, both certificates purporting to have been issued to defendant. Portions of an order of the district court of St. Louis county, directing the receiver to proceed to collect unpaid subscriptions for stock were also read in evidence. The order recited that certain persons were stockholders and owned the number of shares set after their names. Defendant's name appeared as the owner of two certificates, each for 5 shares. No other evidence relating to defendant's ownership of stock was introduced. When plaintiff rested, defendant also rested and moved separately for a dismissal and for a directed verdict in his favor. Both motions were denied. Then plaintiff moved for a directed verdict for the amount claimed in the complaint and his motion was granted. Defendant made the usual alternative motions for judgment or a new trial and both were denied and judgment was entered on the verdict.

The pleadings raised an issue as to defendant's ownership of stock. He was not precluded by the assessments levied against the stockholders from defending an action to collect them on the ground that he was not a stockholder at all or that he was not the holder of so large an amount of stock as the complaint alleged. Straw & E. Mnfg. Co. v. Kilbourne B. & S. Co. 80 Minn. 125, 83 N. W. 36; Finch, Van Slyck & M. v. Vanasek, 132 Minn. 9, 155 N. W. 754; Greenfield v. Hill City L. L. & L. Co. 141 Minn. 393, 170 N. W. 343. Defendant's positive testimony that he never received certificate No. 256 and never took or owned any stock except the 5 shares represented by certificate No. 59 made an issue which should have been submitted to the jury. Possibly a verdict against him for the full amount of his assessments might have been sustained if one had been returned, but the court was not justified

in directing the jury to return such a verdict. It follows that the judgment must be reversed and the case remanded for a new trial.

Judgment reversed.