IN THE MATTER OF DISSOLUTION OF OWATONNA CO-OPERATIVE MERCANTILE COMPANY, INSOLVENT.[1]

January 11, 1924.

No. 23,581.

**Stockholders of insolvent corporation cannot resist assessment because of excess indebtedness, when.**

When the residue of the indebtedness of a corporation, to be collected by assessment on the secondary liability of stockholders, is less than the charter limitation, stockholders cannot resist an assessment, pro tanto, because the assets of the corporation have been used to pay indebtedness in excess of the charter maximum.

William A. Martin and another, receivers, petitioned the district court for Steele county for an order assessing each share of capital stock of the above named insolvent company. The petition was heard by Senn, J., who ordered that an assessment of $100 be levied upon each share of stock. From the order of assessment, the Owatonna Co-operative Mercantile Company appealed. Affirmed.

*Leach & Leach,* for appellants.

*Kerr & Richardson,* for respondent.

[1] Reported in 196 N. W. 654.

STONE, J.

Appeal from an order levying a 100 per cent assessment on the capital stock of an insolvent mercantile corporation.

The charter limited the company's indebtedness to $40,000, notwithstanding which, at the time the receiver took over its assets, the total indebtedness was upwards of $52,000. There is no suggestion that any of the excess of $12,000 was not binding upon the corporation. It represents borrowed money received and used by it.

The receiver has paid to the creditors a dividend of $27,000. (For convenience we are speaking in round figures). So there is still due creditors about $25,000. The expenses of the receivership are estimated at $5,000, so about $30,000 remains to be raised, a small portion of which may be realized from some of the corporate assets still in the hands of the receiver.

The appellants object to the 100 per cent assessment and urge that the $12,000 excess indebtedness should now be laid aside and the remaining unpaid balance reduced accordingly, when an assessment of 80 per cent would pay the creditors all they are entitled to and defray the expenses of the receivership. That view of the case probably does not allow sufficiently for the difficulties in the way of collection and is founded upon a mistaken view of State ex rel. Hilton v. Mortgage Security Co. 154 Minn. 453, 192 N. W. 348.

There is nothing in that decision, or anywhere in the law of corporations, giving stockholders the right to prevent the ratable distribution to creditors of the assets of an insolvent corporation. And holders of indebtedness in excess of the charter limit, if the same be, notwithstanding, a legal obligation of the corporation, are as much entitled to share in the assets as any other creditors.

It was not held in the Mortgage Security Company case to the contrary, nor was any limitation put upon the rights of any creditor to share in the corporate assets. The only limitation or qualification put upon the rights of creditors concerned the secondary liability of stockholders and was to this express effect:

"The limitation placed on the amount of indebtedness which a corporation may lawfully incur measures and limits the amount for which its stockholders are personally liable."

In order that there might be no misconception of his language, . Judge Taylor went on to say:

"That as the Mortgage Security Company could lawfully incur debts to the extent of $100,000 and no more, the stockholders of that company can be held personally liable for its debts to the extent of $100,000 and no more."

In this case the excess indebtedness was $12,000, all of it a binding obligation of the corporation although, within the rule of the Mortgage Security Company case, stockholders cannot be assessed to pay it. That immunity, however, would have given them no cause for complaint had the corporation while a going concern paid the excess indebtedness. They can have no more complaint now that the receiver has used its funds in part for that purpose.

The creditors of a corporation have the first claim on its assets. There is no discrimination against the holders of excess indebtedness if, through estoppel or otherwise, it is really binding on the corporation. Stockholders assessable in case of insolvency cannot prevent the distribution to the holders of binding though excess indebtedness of their ratable share of the corporate assets. Nor can they derive the personal benefit of having the amount of their ultimate liability reduced because a portion of the assets has gone properly to pay excess indebtedness.

The only right of the stockholder which is protected by the rule of the Mortgage Security Company case is the right not to be assessed to pay excess indebtedness. If, after the proper application of corporate assets, there is a residue of unpaid debt less than the charter maximum, no stockholder can resist assessment because, before the distribution of the corporate assets among the creditors, there had been an excess of indebtedness over the charter limit.

Order affirmed.