FARWELL, OZMUN, KIRK & COMPANY v. GOODHUE COUNTY CO-OPERATIVE COMPANY.[1]

June 20, 1924.

No. 24,038.

**Procedure in assessment of stock of insolvent corporation.**

1. In an assessment proceeding under G. S. 1913, §§ 6645-6647, the court determines whether the character of the corporation is such that its stock is assessable under the provision of the Constitution; that is, whether it is one of the corporations excepted by the Constitution from liability. Its determination of the character of the corporation is binding in subsequent actions.

[1]Reported in 199 N. W. 436.

**Amount of assessment adjusted as administration advances.**

    2. In such proceeding it determines the necessity and amount of the assessment. The amount is subject to adjustment in the administration proceeding.

**Stockholder's defenses not concluded by order of assessment.**

    3. The order of assessment does not conclude the individual defenses of one sued as a stockholder. The defenses claimed by the stockholders here, such as an unauthorized or illegal issue of stock, a sale without a license in contravention of the statute, and mismanagement by a committee of the creditors, are not concluded.

Receivers of the insolvent Goodhue County Co-operative Company filed their petition in the district court for Goodhue county for an assessment upon the stock of the corporation and obtained an order for stockholders and all persons interested to show cause why an assessment of 100 per cent should not be made thereon. Objections to the assessment were filed by many stockholders. The matter was heard by Johnson, J., who ordered an assessment of 100 per cent. From an order denying a motion to make findings and conclusions upon certain questions on the objections filed, certain of the objecting stockholders appealed. Affirmed.

    *A. J. Rockne,* for appellants.

    *Thomas Mohn,* for respondent.

DIBELL, J.

This is an appeal by a number of stockholders of the Goodhue County Co-operative Company from an order of the district court making an assessment of 100 per cent on their stock.

    1. In the assessment proceeding under G. S. 1913, § 6647, the trial court determines whether the character of the corporation is such that its stock is assessable under the Constitution; that is, whether it is one of the corporations whose stockholders are excepted from liability by Const. art. 10, § 3. Its determination is binding in subsequent actions by the receiver to collect the assessments. Phelps v. Consolidated V. & Ext. Co. 157 Minn. 209, 195 N. W. 923, and cases cited; Hoidale v. Vogtel, 158 Minn. 106, 196 N. W. 939.

2. In the assessment proceeding the necessity and amount of the assessment is determined. In determining the amount the court deals to some extent with probabilities. From the facts before it it determines, so nearly as it can, what the levy should be. If in the course of administration it is found that so large a levy is unnecessary a proper adjustment is made. Finch, Van Slyck & McConville v. Vanasek, 132 Minn. 9, 155 N. W. 754; Hosford v. Cuyuna M. I. Co. 153 Minn. 186, 189 N. W. 1025, and cases cited.

3. The original stock was $30,000. Additional stock was issued. It is claimed by the different defendants that the additional stock was not legally issued; that certain of it was sold in contravention of Laws of 1917, p. 635, v. 429, commonly called the Blue Sky Law; that there is no liability upon such stock nor upon the additional stock illegally issued; and that the stockholders are not liable because of the mismanagement by a committee of the creditors selected after the corporation got in financial straits.

The order of assessment concludes to the extent before stated; but individual defenses it does not conclude. Harrison v. Carman, 149 Minn. 365, 183 N. W. 826; Greenfield v. Hill City L. L. & L. Co. 141 Minn. 393; Finch, Van Slyck & McConville v. Vanasek, 132 Minn. 9, 155 N. W. 754; Straw & Ellsworth Mnfg. Co. v. Kilbourne, 80 Minn. 125, 170 N. W. 343. It should not assume to save defenses. See Phelps v. Consolidated V. & Ext. Co. 157 Minn. 209, 195 N. W. 923. In State v. Mortgage Security Co. 154 Minn. 453, 192 N. W. 348, the effect of a limitation of debtedness in the charter was determined. The same is true of In re Owatonna Co-op. Merc. Co. 157 Minn. 482, 196 N. W. 654. The determination was made because it bore upon the amount of assessment proper to be made.

The parties would welcome a present decision upon the defenses proposed. They must be interposed when suit is brought upon the assessments. Counsel, if so disposed, can have the defenses common to all or to groups tried together with a saving of time and expense. The suggestion of a possibility of several hundred suits does not startle. Neither party will find so many either necessary or profitable or tolerable.

That there may be no misunderstanding it should be understood that the order under review and which we affrm concludes the parties upon the question of the assessability under the Constitution of the stock of the co-operative company, and the propriety of the assessment made. It is not a holding that the defendants are stockholders, nor that the additional stock was legally issued, nor that there is liability on it, nor does it conclude the stockholders in any personal defense.

No statutory attorney's fee will be taxed against the appellants. Order affirmed.