# IN RE RECEIVERSHIP OF SOUTHWESTERN MINNESOTA LAND COMPANY AND ANOTHER.[1]

February 13, 1925.

Nos. 24,155, 24,156.

**Objection to appointment of receiver made too late.**

1. On an appeal from an order assessing stockholders, it is too late to raise objections to the appointment of the receiver which should have been made in opposition to that appointment or by motion directly attacking it.

**Objection to amount of assessment upon stockholders' liability.**

2. So long as there is no attempt to assess them for an amount in excess of the charter limit, stockholders cannot object to an assessment simply because the indebtedness of the corporation exceeds it.

[1]Reported in 202 N. W. 69.

In actions in the district court for Redwood county against two insolvent corporations, the same person was appointed receiver of each. As receiver he petitioned the court to assess the stockholders of each corporation. The matter was heard by Olsen, J., who ordered an assessment upon the stockholders of the land company of 85 per cent of the par value of their stock and one of 75 per cent against the stockholders of the Central Minnesota Loan & Investment Company. From the respective orders of assessment certain stockholders in each company appealed. Affirmed.

*T. O. Streissguth, Albert Steinhauser, George T. Olsen* and *Henry N. Benson,* for appellants.

*Somsen, Dempsey & Flor,* for respondent receiver.

STONE, J.

Two appeals by stockholders from orders assessing them on their stockholders' liability. An extended discussion is not warranted either of the facts or of the law. Appellants cannot in this proceeding question the orders appointing the receiver because of the insufficiency of the facts to support them. That sort of an attack should be made in opposition to the appointment or directly by a motion to vacate it. Greenfield v. Hill City L. L. & L. Co. 141 Minn. 393, 170 N. W. 343. The same observation applies to a defect in the form of the bond of the receiver. That is also something to be got at directly by motion and undoubtedly, if it is, there will be an order requiring a proper bond.

The evidence in support of the assessment so well supports the same that we cannot interfere. True, the corporations were indebted in excess of the charter limits, but there has been no attempt to assess the stockholders beyond those limits and contrary to the rule of State v. Mortgage Security Co. 154 Minn. 453, 192 N. W. 348. The existence alone of excess indebtedness, however large, is no objection to an assessment provided the latter itself does not exceed the charter maximum. In re Owatonna Co-op. Mercantile Co. 157 Minn. 482, 196 N. W. 654.

Order affirmed.