HANOVER STATE BANK, BY A. J. VEIGEL v. MINNIE BARRY AND OTHERS.[1]

March 11, 1927.

No. 25,915.

**Court had jurisdiction to levy assessment on stockholders of bank.**

1. The petition for the levy of an assessment against stockholders of a bank, upon their constitutional double liability, was verified on July 6, 1926, and filed on July 14, 1926. The hearing was set for September 11, 1926. The statute provides that if it appears from the petition that it is necessary to resort to the stockholders' double liability the court shall appoint a time of hearing not less than 30 nor more than 60 days thereafter. The order for hearing was dated June 14, 1926, and was filed on July 14, 1926. It is *held* that the service of the order conferred jurisdiction to levy an assessment.

[1]Reported in 213 N. W. 36.

Order for hearing complied with statute.

2. The order for hearing complied with the requirement of the statute that it specify in a general way the nature of the liability claimed and the amount thereof against the person upon whom it was served.

Bank examiner in charge of its liquidation competent to testify as to its assets.

3. In the hearing on an application for an assessment the court compares assets and liabilities and to some extent deals with probabilities. The deputy bank examiner, who had been in charge of the liquidation of the bank for five months, had examined its assets, had informed himself by inquiry and investigation as to their value, and had informed himself likewise as to the bank's liabilities, was competent to testify as to value and amount though his judgment was formed largely by his inquiry and investigation.

Necessity of assessment sustained.

4. It was for the commissioner to prove the necessity of an assessment. The finding that a 100 per cent assessment was necessary is sustained.

Stockholders not relieved of double liability because loans were ultra vires.

5. That the bank made excessive loans, contrary to the statute, thereby creating assets which might be bad though valid, does not relieve the stockholders of their double liability upon the ground that the making of the excessive loans was ultra vires.

No showing made that mismanagement of assets made assessment premature.

6. There is no showing requiring a finding that recoverable assets were dissipated by the bank so as to make the assessment proceeding premature. When a bank goes into liquidation the statute contemplates that the stockholders shall speedily respond to their constitutional liability.

Equitable distribution to stockholders of any surplus obtained from liquidation.

7. The assets of a bank in liquidation are conserved, and if the stockholders respond to their liability, and there is at the end a surplus, it is equitably distributed.

Banks and Banking, 7 C. J. p. 515 n. 3 New; p. 516 n. 10 New; p. 522 n. 81; p. 523 n. 84 New; p. 748 n. 43.

Certain stockholders of the Hanover State Bank appealed from an order of the district court for Wright county, Tifft, J. (sitting for the judge of the Eighth judicial district), making an assessment against stockholders of the bank. Affirmed.

*A. V. Rieke, Bonita F. Rieke,* and *Maurice H. Rieke,* for appellants.

*S. A. Johnson,* for respondent.

DIBELL, J.

This is a proceeding to assess the stockholders of the Hanover State Bank, in liquidation under the direction of the commissioner of banks, upon their constitutional double liability. The court levied an assessment of 100 per cent. The defendants appealing appeared specially at the place set for the hearing of the petition for an assessment and objected to the jurisdiction of the court upon the ground that the hearing was not within the period of 60 days from the date thereof, as required by L. 1925, p. 323, c. 273, and upon the further ground that the notice did not prescribe, in a general way, as required by the statute, "the nature of the liability claimed in the petition and the amount thereof against the person upon whom it is so served." Their objections were overruled and they assign error. They object, further, to the competency of the witness who testified as to the value of the assets and the amount of the liabilities of the bank; and they contend that the evidence is insufficient to sustain the levy of the assessment.

Laws 1925, p. 323, c. 273, amends G. S. 1923, § 8025, so as to read as follows:

"Whenever it shall be made to appear by the petition of a receiver or assignee of a corporation, or of any creditor thereof whose claim has been filed, that any constitutional, statutory, or other liability of stockholders or directors or both exists, and that it is necessary to resort to the same, the court shall appoint a time for hearing, not less than thirty nor more than sixty days thereafter, and order such notice thereof *to be served on each person against whom such liability is claimed in the same manner a summons is served in a civil action, and said notice shall also be published as the Court shall*

*order.* That such notice shall specify in a general way the nature of the liability claimed in the petition and the amount thereof against the person upon whom it is so served. Whenever the receiver is not the petitioner, personal notice shall be given to him."

1. The petition for an assessment was verified on July 6, 1926, and was filed on July 14, 1926. The hearing was set for September 11, 1926. The order for hearing bore date June 14, 1926. It was filed July 14, 1926. The date of hearing was not within 60 days of the verification. It was within 60 days of the filing. The order for hearing bore date June 14, 1926. This is an evident clerical mistake.

If the petition was presented to the court on the date of its verification, July 6, 1926, and it bears no other date, the statutory 30-60 day provision was not observed in fixing the time of hearing. If we take the petition as having been presented on July 14, the date of its filing, and probably we may, the 30-60 day requirement was followed. But, in any event, the service of the notice, and there is not claimed to be a defect in the service, conferred jurisdiction. In a summons greater irregularities have been held not fatal. Gould v. Johnston, 24 Minn. 188; Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124; Flanery v. Kusha, 143 Minn. 308, 173 N. W. 652, 6 A. L. R. 838; Dressel v. Brill, 168 Minn. 99, 209 N. W. 868; Melvey v. Bowman, 169 Minn. 504, 212 N. W. 194.

2. The order for hearing recited the filing of a petition alleging that the bank was in course of liquidation by the commissioner of banks, that its probable indebtedness was $337,571.08, its probable net assets $241,847.09, the probable expense of liquidation $5,000, that its capital stock was $30,000, and was subject to assessment for the benefit of creditors, and that a 100 per cent assessment was necessary. This was a quite sufficient statement of the nature and amount of the liability claimed in the petition.

3. The statute, G. S. 1923, § 8026, provides that upon the hearing the court shall consider such evidence as may be presented, by affidavit or otherwise, upon the nature and probable extent of the indebtedness, the probable expense of litigation, the probable amount

of available assets, the parties liable as stockholders, the nature and extent of their liability, and their probable solvency or responsibility; and if it appears that the available assets, or such amount as may be realized therefrom within a reasonable time, will be insufficient to pay the expenses and indebtedness in full without delay, it shall order a ratable assessment upon all parties liable as stockholders.

In determining whether there should be an assessment and, if so, the amount of it, assets and liabilities must be compared. In making the comparison the trial court deals to some extent with probabilities. Farwell, O. K. & Co. v. Goodhue County Co-op. Co. 160 Minn. 64, 199 N. W. 436, and cases cited; Drovers State Bank v. Drovers C. L. & Inv. Co. 167 Minn. 283, 208 N. W. 997, and cases cited. It does not view the evidence, either from the standpoint of competency or of weight, as it would were it sought to obtain a judgment in dollars and cents on a contract claim. It is determining probable values and amounts. The statute indicates that strict common law rules of evidence do not apply. It does not intend that great effort and much time be spent by the court in ascertaining, down to exact dollars and cents, the assets and liabilities, nor is its finding on assets and liabilities conclusive for all purposes.

The witness who testified as to the bank's assets and liabilities was a special deputy examiner under the commissioner of banks. He had been in charge of the liquidation of the Hanover bank for five months, and had previous banking experience. He testified in part from personal knowledge, but largely from his investigation of the bank's condition as respects assets and liabilities and therefore his judgment was based on information obtained from others. His testimony was competent and helpful. In valuing it there is involved the personal equation; and the degree of its helpfulness is affected by the capacity and character of the witness which the trial court was in position to estimate.

4. It was for the commissioner to prove the necessity of an assessment. This was held in Drovers State Bank v. Drovers C. L. & Inv. Co. 167 Minn. 283, 208 N. W. 997, where the cases were reviewed, and the refusal of the court to levy an assessment was sus-

tained. The trial court found the assets and liabilities of the bank and the expenses of liquidation as recited above, the amount of the double liability, its probable collectibility, and the necessity of a 100 per cent assessment. The evidence sustains the findings and a review of the evidence would be a waste of time.

5. The defendants claim that the bank made loans excessive under G. S. 1923, § 7677, prohibiting loans to single individuals in excess of 15 per cent of the capital and surplus. They refer to L. 1925, p. 322, c. 272, § 1, providing that no assessment shall be made against any stockholder for any liability incurred outside of the scope of the powers of the corporation. The argument is that the excessive loans were ultra vires and the stockholders thus far released. The argument takes us nowhere. The wrongful acts of the bank in the respect stated did not create liabilities to be proved against the bank. At the most they created bad though valid assets, not liabilities within the 1925 act.

6. The defendants claim that the bank dissipated assets which should be returned to the estate, and that when so returned an assessment will not or may not be required, and, so the assessment is premature. The trial court has found the necessity of an assessment. The evidence as to the recovery of dissipated assets is not such as to affect the finding. And, besides, the statute, G. S. 1923, § 8026, provides for an assessment "if it appears that the available assets, or such amount as may be realized therefrom within a reasonable time, will be insufficient to pay such expenses and indebtedness in full and without delay." When a bank fails the rights of the stockholders are guarded; but the rights of the creditors have active recognition. The statute intends that the stockholders may be required to respond without undue delay and that they may not put upon depositors and creditors the burden of awaiting long or uncertain litigation.

7. It is hardly necessary to say that all the assets of the bank are conserved regardless of the valuation put upon them by the court; and if it chance that the assessment produces more than is necessary to discharge debts and costs of administration, either because the assets are more or the liabilities less than anticipated,

there is an adjustment. Finch, Van S. & McC. v. Vanasek, 132 Minn. 9, 155 N. W. 754; Hosford v. Cuyuna M. I. Co. 153 Minn. 186, 189 N. W. 1025; Farwell, O. K. & Co. v. Goodhue County Co-op. Co. 160 Minn. 64, 199 N. W. 436. The finding upon the hearing of the petition as to the value of the assets or the amount of liabilities is not binding except as it concludes the stockholders upon the necessity of an assessment and the amount of it. In the liquidation the court proceeds upon equitable principles just as a court of equity in the administration of any estate. If there is a surplus it goes where it should. This is the effect of the statute and it would be so without statutory declaration. G. S. 1923, § 8031.

Order affirmed.