## MERCHANTS & MANUFACTURERS STATE BANK OF MINNEAPOLIS, BY A. J. VEIGEL, v. O. N. DYSTE AND OTHERS.[1]

April 14, 1927.

No. 25,990.

**Motion to set aside service of notice of proceeding against stockholders denied.**

In a proceeding to levy an assessment against the stockholders of an insolvent state bank, some of those who had been served personally with the notice required by L. 1925, c. 273, moved that the service be set aside and the proceeding dismissed because a few nonresident stockholders had been served with the notice by registered mail and the steps preliminary to the service of a summons by publication had not been taken, and because the published notice of hearing did not give the names of the stockholders or the amount of their liability. There was no error in the denial of the motion.

Banks and Banking, 7 C. J. p. 518 n. 30 New.

Proceeding in the district court for Hennepin county to levy an assessment against the stockholders of an insolvent state bank. The appellants appeared specially and moved that the service of the notice be set aside and the petition dismissed. They appealed from an order, Waite, J., denying their motion. Affirmed.

*William E. G. Watson* and *Eugene G. Johnson,* for appellants.

*D. F. Nordstrom,* for respondent.

[1]Reported in 213 N. W. 560.

LEES, C.

The commissioner of banks petitioned the district court of Hennepin county to levy an assessment against the stockholders of an insolvent state bank. The court entered an order directing service of notice of the hearing to be made on resident stockholders in the same manner as a summons in a civil action, and on nonresident stockholders by registered mail, and that the notice be published.

The appellants appeared specially and moved that the service be set aside and the petition dismissed for three reasons: (1) That the notice had not been served on all the stockholders in the manner prescribed for the service of a summons; (2) that some of the stockholders were nonresidents and the sheriff of Hennepin county had not returned that they could not be found in that county; (3) that the published notice did not give the names of the stockholders or the amount of their alleged liability. The motion was denied and this appeal followed.

Appellants contend that, when an assessment is to be levied upon the stockholders of an insolvent corporation, all of them must be brought into court; that personal service of the notice of hearing must be made on all the resident stockholders and they must have notice by publication as well, and that, as to nonresident stockholders, all the steps required to be taken in making service of a summons by publication are essential before service of the notice by mail or otherwise can be made. These contentions are based on the provisions of L. 1925, p. 323, c. 273.

The notice was served on each of the appellants personally and in like manner on all but five of the other stockholders. These were nonresidents and service on them was made by registered mail. Each notice set forth the number of shares of stock shown by the books of the bank to be owned by the stockholder served and also the amount of the proposed assessment against him, and was sufficient in form. Hanover State Bank v. Barry, 170 Minn. 445, 213 N. W. 36.

The published notice stated that a petition to determine the constitutional liability of the stockholders was on file in the office of

the clerk of court and that a hearing thereon would be had at a stated time and place, but did not name the stockholders nor specify the amount of their alleged liability.

The substance of appellants' complaint is that the court unjustifiably retained jurisdiction of the proceeding when there was an utter lack of jurisdiction to do anything.

Carried to its logical conclusion, the argument in appellants' behalf comes to this: If perchance there is a failure to make due service of the notice of hearing on a single stockholder who owns but one share of stock, the other stockholders, although they have been duly served with the notice, have a right to a dismissal of the entire proceeding.

Prior to the 1925 amendments, the statute (G. S. 1923, § 8025) provided that the court should order such notice of hearing on a petition for the assessment of stockholders as it deemed proper, the same to be given by publication or otherwise. The amendment provides that the notice is "to be served on each person against whom such liability is claimed in the same manner a summons is served in a civil action, and said notice shall also be published as the court shall order." It also provides that the notice shall specify in a general way the nature of the liability claimed in the petition and the amount thereof against the person upon whom it is so served.

Section 8027, G. S. 1923, as amended by L. 1925, p. 321, c. 272, provides that the order for an assessment shall be conclusive in certain particulars against all parties adjudged liable on account of stock held in the corporation "whether appearing or being represented at the hearing or not, or having notice thereof or not."

The enforcement of the individual liability of stockholders for corporate debts in sequestration proceedings is statutory, summary, not controlled by the forms usually incident to judicial procedure, and is but the foundation for proceedings to be brought subsequently for the collection of the assessment if voluntary payment is not made. Finch, V. S. & McC. v. Vanasek, 132 Minn. 9, 155 N. W. 754.

In levying the assessment, the court does not have before it an action in personam, proceeding according to due process of common

law, for no personal judgment is rendered against stockholders when the assessment is made. Phelps v. Consolidated V. & E. Co. 157 Minn. 209, 195 N. W. 923.

Prior to the amendments of 1925, it was held to be no objection to the validity of an assessment that the court was without personal jurisdiction of the stockholders; that it was sufficient if there was jurisdiction over the corporation; that the stockholders were bound on the principle of representation by virtue of their membership in the corporation; and that, although an assessment is essential to the receiver's right of action, it is not the ground of the stockholders' liability. Dun. Dig. § 2171.

The legislature must have known all this when it enacted the amendments which give stockholders a right they did not have before, namely, the right to notice of the time and place of hearing the petition for their assessment. It is unreasonable to suppose that the legislature intended that a stockholder who had been personally served with notice should also have notice by publication. It is more reasonable to infer that the published notice is for the benefit of stockholders upon whom personal service cannot be made, and we think the statute should be so construed.

We hold, therefore, that appellants upon whom due personal service of the notice has been made are in no position to object to the jurisdiction of the court, even though the published notice was not in substantial compliance with the statute.

Whether an order for the assessment of a stockholder not personally served is valid in case the published notice is defective is a question not now before us and it is left open for future consideration.

Finally, it is to be noted that as yet no assessment has been made. The court may not make one without directing that nonresident stockholders be served with an additional notice, or without further published notice. If in the end an assessment is ordered and appellants are still of the opinion that the alleged irregularities and omissions on which they now rely are such as to deprive the court of jurisdiction, they can appeal from the order. We think that is the proper method of raising such questions as are presented on

this appeal and that it would lead to unnecessary delay to hold that a proceeding should be dismissed at the stage which this has reached, for no other reasons than those urged by appellants.

Order affirmed.