# McCABE BROTHERS COMPANY v. FARMERS GRAIN & SUPPLY COMPANY.[1]

June 24, 1927.

No. 26,018.

**Conclusiveness of order for assessment of stockholders under statute cited.**
An order for assessment of corporate stock made after a hearing under G. S. 1923, § 8026, is conclusive only as to the total amount, propriety, and necessity of the assessment. Findings in such order relative to personal defenses which are to be litigated in the action to recover the assessment are not final.

Appeal and Error, 3 C. J. p. 545 n. 87.
Corporations, 14a C. J. p. 999 n. 86, 87, 90, 91, 92, 93, 94.

Anna M. Quevli appealed from an order of the district court for Jackson county, Haycraft, J., adjudging her to be a stockholder of the defendant corporation. Appeal dismissed.

*E. H. Nicholas,* for appellant.

*Kingman, Cross, Morley & Cant* and *Edwin D. Ford, Jr.,* for respondent.

WILSON, C. J.

This is a proceeding for an assessment upon the stockholders of the Farmers Grain & Supply Company. G. S. 1923, §§ 8025-8026. The court made an order on October 29, 1926, in which it found certain persons were not stockholders, that appellant owned 400 shares, and provided for a 50 per cent assessment. On January 6, 1927, the court amended the prior order to the effect that appellant owned such stock only until July 1, 1922, and that the receiver in collecting her assessment should observe this date. Appellant appealed from the order so amended.

Respondent has moved to dismiss the appeal on the ground that it is not final as to the question of appellant's being a stockholder.

[1] Reported in 214 N. W. 764.

Upon the hearing in such proceeding the court is required to receive and consider such evidence, by affidavit or otherwise, as may be presented upon the following points:    (G. S. 1923, § 8026.)

"1.   The nature and probable extent of the indebtedness of the corporation;

"2.   The probable expense of the receivership;

"3.   The probable amount of available assets;

"4.   The parties liable as stockholders, the nature and extent of the liability of each, and their probable solvency or responsibility."

Section 8027, G. S. 1923, provides: "Such order shall be conclusive as to all matters relating to the amount, propriety, and necessity of the assessment   *   *   *."

The statute contemplates that the court will receive evidence covered by § 8026 for the sole purpose of determining the total amount, the propriety, and the necessity of the assessment. As to these matters only the order is conclusive. The evidence received as to who the stockholders are, their responsibility, and extent of their holdings is helpful in deciding those things upon which the order is conclusive. It has no other purpose. A finding as to who the stockholders actually are is beyond the scope of the proceedings. That question is to be determined in the action brought against the individual to collect the assessment and not in the summary and informal proceedings, which may rest upon affidavits, wherein the court deals with probabilities. In such action to recover the assessment the alleged shareholder may show that he is not a shareholder, or owns less shares than is claimed, or has discharged his liability, or has an offset or any other defense which is personal to himself. Straw & Ellsworth Mfg. Co. v. L. D. Kilbourne B. & S. Co. 80 Minn. 125, 83 N. W. 36; Willius v. Mann, 91 Minn. 494, 98 N. W. 341, 867; Neff v. Lamm, 99 Minn. 115, 108 N. W. 849; Finch, V. S. & McC. v. Vanasek, 132 Minn. 9, 155 N. W. 754; Harrison v. Carman, 149 Minn. 365, 183 N. W. 826; State ex rel. Hilton v. Mortgage Sec. Co. 154 Minn. 453, 192 N. W. 348; Farwell, O. K. & Co. v. Goodhue County Co-op. Co. 160 Minn. 64, 199 N. W. 436; Marin v. Augedahl, 247 U. S. 142, 38 S. Ct. 452, 62

L. ed. 1038. He is not called upon, nor can he, in the summary proceedings litigate these questions. The evidence as to appellant's being a stockholder was admissible only for the limited statutory purposes. Consequently the finding is beyond the scope of the inquiry, and cannot in the future be regarded as res adjudicata. The order not being final upon the only question involved, the appeal is dismissed.