## MERCHANTS & MANUFACTURERS STATE BANK OF MINNEAPOLIS, BY A. J. VEIGEL, v. O. N. DYSTE AND OTHERS.[1]

January 27, 1928.

No. 26,443.

Law of the case.

1. Decision on former appeal the law of the case.

Examiner liquidating insolvent state bank competent witness of necessity of proposed assessment.

2. Under statute requiring that in order to justify an assessment of stockholders in a Minnesota corporation the evidence must be "the best available under the circumstances of each case," the examiner in charge of the liquidation of an insolvent state bank, having the qualifications referred to in the opinion, *held* to be a competent witness as to the value of assets, the amount of liabilities and the necessity and amount of the proposed assessment.

Court to direct manner of serving nonresident stockholders with notice of hearing of petition.

3. G. S. 1923, § 8025, as amended by L. 1925, c. 273, construed as providing for the service by publication, in such manner as the court shall direct, on nonresident stockholders, of notice of hearing on a petition for the assessment of stockholders in a Minnesota corporation.

Appeal and Error, 4 C. J. p. 1093 n. 77.
Corporations, 14a C. J. p. 998 n. 63.
Evidence, 22 C. J. p. 691 n. 79.

See 2 R. C. L. 224; 1 R. C. L. Supp. 459; 4 R. C. L. Supp. 95; 5 R. C. L. Supp. 84; 6 R. C. L. Supp. 78.

Defendants appealed from an order of the district court for Hennepin county, Bardwell, J. levying a 100 per cent assessment upon the stock of the plaintiff bank.    Affirmed.

*Watson, Johnson & Nevius,* for appellants.

*D. F. Nordstrom* and *LeRoy Bowen,* for respondent.

[1]Reported in 217 N. W. 483.

Stone, J.

Appeal from an order assessing the stock of the Merchants & Manufacturers State Bank of Minneapolis on account of the constitutional liability of the holders.   The bank is in course of liquidation by the commissioner of banks.

1.   The same appellants had the proceeding here before on appeal from an order denying their motion to set aside the service of notice of hearing on the petition for an assessment and to dismiss the petition.   171 Minn. 133, 213 N. W. 560.   That decision became law of the case.   Notwithstanding, the attempt is made to reargue the propositions settled by the former decision.   They have not been reconsidered and need not be mentioned.

2.   The first assignment of error which does require consideration challenges the competency of S. J. Toman, the examiner personally in charge of the liquidation of the bank, to testify concerning its assets, their value and condition, the prospect of realizing thereon, the liabilities, and finally and necessarily by way of estimate, concerning the amount of the assessment to be made against the stockholders.   The argument is put upon the language of L. 1925, p. 321, c. 272, § 1, which amends G. S. 1913, §§ 6646 and 6647 (G. S. 1923, §§ 8026-8027), providing that upon the hearing of a petition for the assessment of stockholders the "evidence shall be · the best available under the circumstances of each case."

The assets of the bank comprise a large item of real estate mortgages and foreclosed real estate.   Mr. Toman did not qualify as a realtor, but he did demonstrate much experience as banker and bank examiner, and especially as an appraiser of bank assets.   He had made it his business, and it was his official duty, to familiarize himself to the utmost with the assets here in question.   He was a competent witness.   In view of the preliminary and largely administrative character of an order assessing stockholders, the statutory requirement of evidence "the best available under the circumstances of each case" is not to be strictly construed as against the wide discretion vested in the trial judge.   The inquiry involves mainly a comparison of assets and liabilities.   As to the former it necessarily proceeds largely upon estimate and prediction, which are

matters of opinion. Hanover State Bank v. Barry, 170 Minn. 445, 213 N. W. 36; Drovers State Bank v. Drovers Cattle L. & Inv. Co. 167 Minn. 283, 208 N. W. 997. The statute does not introduce any new limitation but, if anything, extends somewhat the ordinary rules of evidence so as to permit a consideration of each case upon its own merits and from the standpoint of the best evidence reasonably available concerning it.

3. One appellant, Mr. J. M. Thornton, is a resident of North Dakota and raises a question which does not concern the other appellants. He was served with notice of the hearing on the petition for an assessment by registered mail and by two weeks' publication pursuant to order of the court. Because the notice was not published for three weeks as required by statute, G. S. 1923, § 9234, in the case of publication of a summons, and because also, as provided in such case, there was no return of "not found" by the sheriff, appellant Thornton claims that the court acquired no jurisdiction of him.

The statute, G. S. 1923, § 8025 (G. S. 1913, § 6645), as amended by L. 1925, p. 323, c. 273, directs the district court to order the notice "to be served on each person against whom such liability is claimed in the same manner a summons is served in a civil action," and provides also that it "be published as the Court shall order." In the former decision it was pointed out that the legislature, in passing the act of 1925, must have had in mind that so far as jurisdiction is concerned notice to individual stockholders of the proposed assessment is not necessary. Jurisdiction of the corporation itself being sufficient to enable the court to make an assessment, the purpose of the new law must have been to give stockholders "notice of the time and place of hearing the petition for their assessment." That being the case, it was, in the language of Judge Lees on the former appeal, "unreasonable to suppose that the legislature intended that a stockholder who had been personally served with notice should also have notice by publication." The thought was that the provision for service as a summons is served was one thing, and the provision for publication something very different and for a different purpose. The reference to the manner of serving

a summons was designed as a direction in the case of those who can be served personally and does not apply to those who cannot be so served. It follows that, published notice being useless as to those within the reach of personal service and so served, it is for the benefit only, and so intended, of those who cannot be personally served. The whole remaining argument, including the supposed necessity for a return of "not found" as a prerequisite for publishing the notice as to nonresident stockholders, is disposed of when we consider that the publication required by the statute is such as "the Court shall order." No such phrase would have been used if the design had been to require compliance with a statute already in force. If such had been the intention, it would have been expressed in apt language. As the statute stands, the adverse implication is plain and controlling. We hold therefore that as to nonresident stockholders publication pursuant to a proper order is a compliance with the statute.

Order affirmed.