## L. P. KUHLMAN AND ANOTHER v. GRANITE CITY INVESTING CORPORATION.
## ERWIN A. ATWOOD AND OTHERS, APPELLANTS.[1]

March 23, 1928.

No. 26,561.

**Jurisdiction of court over other stockholders not affected by failure to serve nonresident stockholder with statutory notice of hearing.**

1. A stockholder in a corporation, who has been duly served with notice of hearing on a petition for an order levying an assessment for the constitutional liability, cannot resist the application because of failure to give due notice to a nonresident stockholder. Jurisdiction of the corporation is sufficient.

**Corporate indebtedness at time of making assessment determines its amount.**

2. Stockholders are entitled to have the corporate assets applied toward payment of the corporate indebtedness. The remaining indebtedness is what is to be considered in deciding the propriety of an assessment. The fact that some of the corporate assets have been used to pay debts incurred in excess of the charter limit is immaterial. The question of the amount of the indebtedness relates to the time of making the assessment.

**Stockholder who asserts debts are ultra vires must prove it.**

3. In establishing the existence of ultra vires indebtedness, the burden rests upon the stockholder who makes the assertion.

Corporations, 14a C. J. p. 566 n. 54; p. 998 n. 63; p. 999 n. 77.

[1]Reported in 218 N. W. 885.

Certain objecting stockholders of the defendant corporation appealed from an order of the district court for Stearns county, Roeser, J. levying a 100 per cent assessment upon their stock made upon the petition of Henry A. Schneider. Affirmed.

*Morphy, Bradford, Cummins, Cummins & Lipschultz* and *J. Arthur Bensen,* for appellants.

*Orr, Stark & Kidder,* for respondent-petitioner.

WILSON, C. J.

Appellants are stockholders who appealed from an order of assessment based upon their constitutional liability.

The purpose of the Granite City Investing Corporation, organized under the laws of this state in 1919, was to erect and manage hotels. Its capital was $300,000, and the limit of its indebtedness was the same. Two receivers were appointed for the corporation November 17, 1921. Petitioner, being a creditor, instituted this proceeding.

1. There were 275 stockholders. The court directed service of the notice of hearing on the petition as required by G. S. 1923, § 8025, as amended by L. 1925, p. 323, c. 273. Service upon nonresidents was to be by publication. The order prescribed that the return of the sheriff of "not found" should be prima facie evidence, as to which the petitioner should file an affidavit; prior to publication, that the place of residence of such stockholders was unknown to him or his attorneys. An attempt was made to serve on John Hesse, a stockholder, by publication. The sheriff made the necessary return. The necessary affidavit was not filed. It was apparently overlooked through inadvertence. The omission was not intentional. Since the commencement of this action the statute of limitation has run on the liability of stockholders.

Appellants question the jurisdiction of the court because of failure to reach John Hesse, who did not appear specially or otherwise to have the service of the notice by publication set aside. How can the failure properly to serve upon the one stockholder affect appellants?

The order is conclusive as to the amount, propriety and necessity of the assessment against all parties involved, whether they had

notice thereof or not. G. S. 1923, § 8027. The main issue on such hearing is as to the necessity for an assessment. Straw & Ellsworth Mfg. Co. v. L. D. Kilbourne B. & S. Co. 80 Minn. 125, 83 N. W. 36. The court does not, upon such hearing, determine who the stockholders are. Their presence, or their opportunity to be present, is not of great importance. The stockholder still has his day in court and may assert his individual defenses when he is called upon to pay an assessment. McCabe Brothers Co. v. Farmers Grain & Supply Co. 172 Minn. 33, 214 N. W. 764; Hanover State Bank v. Barry, 170 Minn. 445, 213 N. W. 36. We know of no reason why the legislature would be compelled to provide notice to the stockholders of a hearing upon such petition. Merchants & Mfrs. State Bank v. Dyste, 171 Minn. 133, 213 N. W. 560; Id. 173 Minn. 436, 217 N. W. 483. It has done so, but we think as a matter of courtesy and propriety, not as a necessary act to acquire jurisdiction. As to the particular stockholder, the omission was merely an irregularity. Danner v. Capehart, 41 Minn. 294, 42 N. W. 1062. The notice was duly served upon appellants. They are not in a position to object to the jurisdiction of the court. The court had jurisdiction of the corporation. That was sufficient.

2. Appellants assert that on February 1, 1921, the charter limit was exceeded and that the corporation then owed $302,988.20. They add to this $15,000 as estimated expense of administration. Then they say all this indebtedness has been paid by foreclosure and otherwise except $53,605.69, which they say is the full amount for which the assessment may be made. If the assessment may be made for debts accruing after the charter limit is reached, the total debts for which the assessment may be made seem to be about $158,000. Appellants contend that all debts exceeding the charter limit are ultra vires and that all debts contracted after the limited peak has once been reached are a complete nullity as to them.

We think however that appellants' theory is not sound. Are such subsequent creditors to be so ignored? It is not suggested that they are not real or that they have not contributed to the corporation in money or property the amount of their claims. Ultra vires contracts are not void. They are sometimes unenforceable because

of public policy. They are usually enforceable when executed on one side. · Under such conditions the public policy of justice prevails over the public policy of keeping the corporation within the limits of its charter. 2 Dunnell, Minn. Dig. (2 ed.) § 2026. We now have a long list of authorities holding that the defense of ultra vires cannot prevail where it would defeat justice or work a legal wrong. State ex rel. Hilton v. Mortgage Sec. Co. 154 Minn. 453, 192 N. W. 348; Healy-Owen-Hartzell Co. v. Montevideo F. & M. Elev. Co. 165 Minn. 330, 206 N. W. 646, 44 A. L. R. 1238. In Kraniger v. People's Bldg. Society, 60 Minn. 94, 61 N. W. 904, the corporation never received the benefit of any of the proceeds of the debt there involved, and hence the holding in that case has little application to such a case as this.

When the corporation itself cannot escape liability on an ultra vires contract, it is only under unusual circumstances that its stockholders should be permitted to do so and thereby avoid their constitutional liability. This liability is contractual. State ex rel. Hilton v. Mortgage Sec. Co. 154 Minn. 453, 192 N. W. 348; Zander v. Affeldt, 173 Minn. 496, 217 N. W. 595. It is also unlimited as to the character of the transaction out of which the liability arises. It may relate to illegal contracts. Webster v. U. S. I. Realty Co. 170 Minn. 360, 212 N. W. 806. The corporation, in contracting its obligations which inure to its benefit, must be held to be the agent of its stockholders. Their liability is measured by the charter limit. State ex rel. Hilton v. Mortgage Sec. Co. 154 Minn. 453, 192 N. W. 348.

Stockholders are personally liable up to the par value of their stock for the full amount of the existing corporate indebtedness, unless it exceeds the limitation fixed in the corporate charter, beyond which limitation they are not liable. They are entitled to have the assets of the corporation first applied to the corporate indebtedness. The remaining indebtedness is what is to be considered in deciding the propriety and amount of an assessment. The court is interested in the amount and character of the indebtedness at the time of the making of the assessment. The liability of the stockholder cannot be measured by taking the amount of indebtedness

when the charter maximum has been reached and deduct that portion of the then existing indebtedness which has been paid and disregard all debts which have subsequently accrued. No stockholder can complain of the corporate assets being applied to the payment of debts. Nor can he complain of an assessment as long as there are unpaid debts, though the court cannot exceed the charter debt limit. Maclaren v. Wold, 168 Minn. 234, 210 N. W. 29. The stockholders cannot be burdened with an increase above the limitation, even though it merely relates to expense. National Farmers Bank v. Clefton Co. 167 Minn. 238, 208 N. W. 959; Maclaren v. Wold, 168 Minn. 234, 210 N. W. 29.

The stockholder cannot resist an assessment pro tanto because the assets of the corporation have been used to pay an indebtedness incurred in excess of the charter maximum. Nor is the existence alone of excess indebtedness important. In re Dissolution of Owatonna Merc. Co. 157 Minn. 482, 196 N. W. 654; In re Receivership of S. W. Minn. Land Co. 162 Minn. 83, 202 N. W. 69.

Assuming, without deciding, that the charter limit was reached on February 1, 1921, the situation does not afford any relief to appellants or offer any legal reason why the order for the assessment was erroneous.

3. Every contract of a corporation is presumed to be within the charter limit; and the burden of proving a contract ultra vires in an action of this character is upon the stockholder. Dana & White v. Bank of St. Paul, 4 Minn. 291 (385) ; 14a C. J. § 2507; 3 Thompson, Corp. (2 ed.) § 2779. It must also be pleaded. City of Newport News v. Potter (C. C. A.) 122 F. 321; Wykes v. City Water Co. 184 F. 752. This was pleaded in this case.

The stockholder would not only have to establish it to be in excess of the charter limit, but he would have to show such contracts to be executory or that the corporation had not been enriched thereby. Kraniger v. People's Bldg. Society, 60 Minn. 94, 61 N. W. 904.

Affirmed.