## FRANK C. BARNES v. ALEXANDER CAMPBELL AND OTHERS.[1]

March 30, 1928.

No. 26,581.

**That debts exceeded charter limit of $15,000 when contracted is no defense to assessment of stockholders which will not produce the present debt of $10,000.**

> In proceedings to assess stockholders in a Minnesota corporation, where the charter limit of indebtedness was $15,000 and the remaining debt $10,000, stockholders cannot successfully resist an assessment, which will not produce even the latter amount, upon the ground that the debts remaining unpaid were in excess of the charter limit when they were contracted.

Corporations, 14a C. J. p. 999 n. 82.

Action in the district court for Otter Tail county by the receiver of the Fergus Ice Cream Company to enforce the double liability of the corporation's stockholders. The court, Parsons, J. ordered a 100 per cent assessment. From an order denying their motion for a new trial, the defendant stockholders appealed. Affirmed.

*Eriksson & Zumwinkle,* for appellants.

*Anton Thompson,* for respondent.

STONE, J.

In this proceeding to enforce the constitutional superadded liability of stockholders in a Minnesota corporation the issue of whether there should be an assessment, and if so how much, was tried by the court and the result was findings of fact upon which was predicated an order for an assessment of 100 per cent. The appeal is by certain stockholders from the order denying their motion in the alternative for amended findings or a new trial.

The charter limit of indebtedness, $15,000, was not much observed by the management of the corporation. It was exceeded soon after the company was organized, and when it was adjudicated a bank-

[1]Reported in 218 N. W. 887.

rupt it approximated $25,000. Some of the creditors were secured; and, through collateral and possibly some payments from other sources, the total indebtedness has been reduced to less than $10,000 or well within the charter limit. So many of the stockholders are insolvent that the thought of the decision below was that even the 100 per cent assessment will not be sufficient to pay the residue of debt. All else aside, the assessment will not produce anywhere near the charter limit of indebtedness. So, even though the remaining debt of the corporation still exceeded the charter maximum, the stockholders could not complain. The whole case is disposed of by the following terse but comprehensive comment of the learned trial judge:

"The assessment can at most produce $9,300.00 and the debt limit is $15,000.00. It is only when the indebtedness exceeds the charter limit, but is less than can be realized from an assessment that the debt limit becomes material. State ex rel. Hilton v. Mortgage Security Co. 154 Minn. 453 [192 N. W. 348], and In re Dissolution of Owatonna Mercantile Co. 157 Minn. 482 [196 N. W. 654], state the rule clearly and control the disposition of this case."

To the cases so referred to may now be added the following: In re Receivership of S. W. Minn. Land Co. 162 Minn. 83, 202 N. W. 69; National Farmers Bank v. Clefton Co. 167 Minn. 238, 208 N. W. 959; Maclaren v. Wold, 168 Minn. 234, 210 N. W. 29; Kuhlman v. Granite City Inv. Corp. supra, p. 166.

Order affirmed.

HILTON, J. took no part.