## E. G. ROBIE v. S. T. HOLDAHL.[1]

June 22, 1928.

No. 26,854.

**When creditors of corporation may waive enforcement of constitutional liability of its stockholders.**

1. The creditors of a corporation may waive their right to resort to the constitutional liability of stockholders in consideration of the corporation's assigning all its property to a trustee for the benefit of creditors.

**Rule that written contract cannot be varied by parol is not violated.**

2. Such agreement resting in parol does not offend the rule that a written contract cannot be varied or contradicted by parol.

**When defense of waiver may be interposed.**

3. The defense that such liability was waived is not determined by the order of assessment, and it may be interposed when the receiver brings suit.

Corporations, 14 C. J. p. 1040 n. 70; p. 1041 n. 72; p. 1099 n. 26.

See note in 40 A. L. R. 371; 7 R. C. L. 365; 6 R. C. L. Supp. 444.

Defendant appealed from an order of the district court for Roseau county, Watts, J. sustaining a demurrer to his answer. Reversed.

*M. J. Hegland* and *Loring & Hougen,* for appellant.

*Courtney & Courtney,* for respondent.

DIBELL, J.

Action by the plaintiff as receiver of the Roseau Co-operative Company to recover an assessment against the defendant as a stockholder. The defendant answered, the plaintiff demurred, the demurrer was sustained, and the defendant appeals.

On August 17, 1927, the plaintiff individually secured a judgment against the Roseau Co-operative Company upon which execution was returned unsatisfied. He then instituted sequestration pro-

[1]Reported in 219 N. W. 945.

ceedings which resulted in his appointment as receiver on September 3, 1927. He then commenced proceedings to enforce the stockholders' liability under G. S. 1923, § 8026, and on October 24, 1927, an order or judgment was entered for an assessment of 100 per cent against all stockholders. Upon this assessment suit is brought.

On May 6, 1922, the co-operative-company made a common law assignment to Robie, as trustee, for the benefit of creditors. The answer alleges that in consideration of the execution and delivery of the assignment the creditors who were beneficiaries under it orally agreed to waive all right to recovery upon the so-called constitutional double liability of stockholders. Const. art. 10, § 3.

1. It is settled that the creditors of a corporation may waive their right of recourse to the liability of the stockholders for the payment of a debt of the corporation. Brown v. Eastern Slate Co. 134 Mass. 590; Carnahan v. Campbell, 158 Ind. 226, 63 N. E. 384; Marfield v. Cincinnati D. & T. Traction Co. 111 Ohio St. 139, 144 N. E. 689, 40 A. L. R. 357; Babbitt v. Read (C. C. A.) 236 F. 42; Bush v. Robinson, 95 Ky. 492, 26 S. W. 178; Basshor v. Forbes, 36 Md. 154; Lum v. American W. & V. Co. 165 Cal. 657, 133 P. 303, Ann. Cas. 1915A, 816; U. S. v. Stanford, 161 U. S. 412, 16 S. Ct. 576, 4 L. ed. 751; note, 40 A. L. R. 371-374; 1 Cook, Corp. (8 ed.) § 216. The parties substantially agree that the doctrine is as stated.

2. A more troublesome question is whether an oral agreement violates the rule that a written agreement, in this case the common law assignment, cannot be varied or contradicted by parol evidence. The only cases to which we are cited, and we find no others, are: Basshor v. Forbes, 36 Md. 154; Brown v. Eastern Slate Co. 134 Mass. 590; Bush v. Robinson, 95 Ky. 492, 26 S. W. 178. These cases are discussed in a note in 40 A. L. R. 375, 376. No others are there cited.

The liability of the stockholder is in its nature contractual though imposed by law. Hanson v. Davison, 73 Minn. 454, 76 N. W. 254; State ex rel. Hilton v. Mortgage Sec. Co. 154 Minn. 453, 192 N. W. 348; Webster v. U. S. I. Realty Co. 170 Minn. 360, 212 N. W. 806.

It is however collateral to the contract of the corporation. It exists only because the constitution creates it. The corporation does not create. The corporation is the only debtor.

The corporation made the assignment for the benefit of the creditors. The agreement that the stockholders should not be liable upon their constitutional liability did not vary the contract embodied in the assignment nor contradict it. Such liability was not a part of the contract of assignment. Proving the contract of waiver does not vary or contradict the assignment for creditors. We are content to follow the cases cited.

3. It is another contention of the plaintiff that the order making the assessment determined the liability of the defendant upon his stock and that he has no defense.

This view cannot be sustained. The order determined that the stock was of the assessable kind; that is, that it was not exempt under the constitution. It did not determine that the defendant had no defense personal to himself or that for any reason he was released from the stockholder's liability. The case on principle is much like one where the defendant has transferred his stock or was never the owner of stock. The cases in which the general question was considered are Kuhlman v. Granite City Inv. Corp. 174 Minn. 166, 218 N. W. 885; McCabe Brothers Co. v. Farmers G. & S. Co. 172 Minn. 33, 214 N. W. 764; Maclaren v. Wold, 168 Minn. 234, 210 N. W. 29; Phelps v. Consolidated V. & E. Co. 157 Minn. 209, 195 N. W. 923; Greenfield v. Hill City L. L. & Lbr. Co. 141 Minn. 393, 170 N. W. 343; Farwell, O. K. & Co. v. Goodhue Co. Co-op. Co. 160 Minn. 64, 199 N. W. 436; Finch, V. S. & McC. v. Vanasek, 132 Minn. 9, 155 N. W. 754. The defense of the defendant arose through the agreement of the creditors to waive their rights against the stockholders. It was not one to be determined in the proceeding for levying an assessment.

Order reversed.