MUTUAL TRUST LIFE INSURANCE COMPANY v. ALAMOE REALTY COMPANY.
A. B. ANDERSON, APPELLANT; L. H. HATLESTAD, RECEIVER.[1]

January 24, 1936.

No. 30,442.

[1]Reported in 265 N. W. 48.

*S. H. Eckman,* for appellant.
*Heitmann, McCabe, Gruber & Clure,* for respondent.

HOLT, JUSTICE.

Appeal by a stockholder from an order assessing the shares of stock held in an insolvent domestic corporation and directing the receiver thereof to collect the same.

The petition of the receiver for an order of assessment is attacked as insufficient. The proceeding is under 2 Mason Minn. St. 1927, §§ 8025, 8026, and 8027. Section 8025 merely provides that whenever it shall be made to appear by the petition of a receiver that any constitutional, statutory, or other liability of stockholders exists, and that it is necessary to resort to the same, the court shall appoint a time for hearing and order such notice thereof to be served as a summons is served in a civil action on each person against whom such liability is claimed. The "notice shall specify in a general way the nature of the liability claimed in the petition and the amount thereof against the person upon whom it is so served." Section 8026 provides that upon proof of service of notice of hearing the court shall hear and consider such evidence by affidavit or otherwise "upon the following points:

"1. The nature and probable extent of the indebtedness of the corporation;

"2. The probable expense of the receivership;

"3. The probable amount of available assets;

"4. The parties liable as stockholders, the nature and extent of the liability of each, and their probable solvency or responsibility."

If it appears that the available assets are "insufficient to pay such expenses and indebtedness in full," the court shall order a ratable assessment on all parties liable.

The petition as well as the notice stated these essentials: That the petitioner is the duly appointed and qualified receiver of the

defendant corporation; that the corporation is insolvent and its debts greatly exceed its assets; that there are no assets of the corporation except the constitutional and statutory liability of the stockholders upon the stock issued to them; that such liability does exist; and that it is necessary to resort to and enforce the same to pay the debts of said corporation; wherefore the petitioner upon the petition and files and records herein petitions the court to appoint a time for hearing of the petition and to make a 100 per cent assessment upon the stockholders of the corporation, said assessment "to be made pursuant to Article 10, Section 3, of the constitution," and applicable statutes for the benefit of the creditors of the corporation. The notice of hearing was substantially in the same language as the petition and was personally served upon the appellant and the other stockholders. There are two clauses or phrases in the petition and notice, needlessly or inadvertently inserted, which appellant claims vitiate the order of assessment, viz., "and that the debts were incurred on or before the month of November, 1932," and also this clause: "and that said corporation is not a manufacturing, mining or mercantile corporation." The first clause cannot be fatal for the complaint upon which judgment was entered and execution returned unsatisfied, resulting in the appointment of the receiver and the sequestration proceeding, shows that the cause of action was upon a promissory note of the corporation for $25,000, dated April 20, 1926, secured by its mortgage, of the same date, on real estate, which mortgage was foreclosed, leaving a deficiency for which judgment was entered on November 28, 1932, in the sum of $5,750.37. It is clear that the cause of action arose long prior to the repeal of art. 10, § 3, of the constitution. In the second quoted clause the word "mercantile" was erroneously inserted instead of the word "mechanical," which was undoubtedly the word intended. Such palpable mistake of the scrivener ought not to be fatal in a proceeding of this kind. Moreover, there is nothing in the sections of the statutes referred to which requires the petition and notice to state that the corporation is not one excepted from the double liability imposed by art. 10, § 3, of the constitution. We deem the petition and notice sufficient, notwith-

standing the inadvertent and palpable mistakes referred to, to give the court jurisdiction to make the order of assessment.

The so-called settled case states that at the hearing of the notice of the petition for the order of assessment "the receiver appeared and introduced in evidence the said petition duly verified and on file in said cause together with other evidence establishing all the allegations in the said petition." It recites the issuance of the order and notice to the stockholders; that the petition was filed; and that a hearing would be had on April 7, 1934; that proof of service on each stockholder of the corporation of said notice was duly made and filed; that "No stockholder or officer or creditor of said Alamoe Realty Company appeared at the said hearing which hearing was adjourned on April 7, 1934, to April 14, 1934." At the last mentioned date the hearing was had. Appellant made no appearance. The files show the corporation to be organized as a domestic corporation, hence liability of stockholders, under art. 10, § 3, of the constitution, to the assessment made. The name itself indicates that the corporation was not one which excepted its stockholders from such assessment; so also does the fact, stated in the complaint, that the basis of the judgment, at the foundation of this proceeding, was a note of $25,000 and mortgage executed by the corporation in 1926.

In Straw & Ellsworth Mfg. Co. v. Kilbourne B. & S. Co. 80 Minn. 125, 83 N. W. 36, it was held that findings of fact upon which to base the order of assessment were not necessary, and that the only issuable fact to be found by the court was the amount of the assessment leviable against each share of stock. The names of the stockholders are unimportant, as far as the petition and notice go, if service of the notice be personally made on them. It is true the sections referred to in the cited case have since been amended (§ 8027 in 1931) ; but such amendments have not materially changed the law respecting the contents of the petition and notice as provided in §§ 8025 and 8026. Appellant relies on Phelps v. Consolidated V. & E. Co. 157 Minn. 209, 195 N. W. 923. We think a careful reading of that decision reveals nothing which requires a reversal of the order now before us. The order there held void as-

sessed the stockholders, but reserved decision upon whether the corporation was one excepted from art. 10, § 3. The order in the instant case is of course based on the liability imposed by that constitutional provision. Other decisions having a bearing contrary to the contentions of appellant are Merchants & M. State Bank v. Dyste, 171 Minn. 133, 213 N. W. 560; Kuhlman v. Granite City Inv. Co. 174 Minn. 166, 218 N. W. 885; Robie v. Holdahl, 175 Minn. 44, 219 N. W. 945; In re Receivership of Farmers Dairy Co. 177 Minn. 211, 225 N. W. 22.

The order is affirmed.

*S. H. Eckman,* for appellant.
*Heitmann, McCabe, Gruber & Clure,* for respondent.

[1]Reported in 265 N. W. 50.