# DROVERS STATE BANK v. DROVERS CATTLE LOAN & INVESTMENT COMPANY.[1]

May 14, 1926.

No. 25,206.

**Grounds for assessment of stockholders of insolvent corporation must be proved by receiver.**

In a proceeding to assess the stockholders of a Minnesota corporation on account of their constitutional liability, objecting stockholders may insist that the receiver make proper and sufficient proof of the grounds for an assessment. The degree and kind of proof must be left very largely to the requirements of each case and the discretion of the trial judge.

Corporations, 14a C. J. p. 999 n. 83 New.

Stockholders of defendant corporation appealed from an order of the district court for Dakota county, Schultz, J., assessing them 100 per cent on the par value of their stock. Affirmed.

*Morphy, Bradford, Cummins, Jackson, Cummins & Lipschultz* and *D. L. Grannis,* for appellants.

*Converse & Converse,* for respondent.

STONE, J.

Appeal from an order assessing stockholders of defendant, a Minnesota corporation, 100 per cent on account of their stockholders' liability. The argument for appellants is that on the hearing of such a petition objecting stockholders have "the right to insist that the probable amount of available assets should be shown by the best evidence in the possession of the receiver." The complaint here is that the assessment was made without requiring the receiver to produce the best evidence.

The questioned evidence goes only to the assets. The one witness in support of the petition was the receiver himself, Mr. Green.

[1]Reported in 208 N. W. 997.

For some time he had been the principal managing officer of defendant, the business of which was the making of live stock loans. It operated at South St. Paul and its territory extended as far west as Montana. Its insolvency followed the deflation in the live stock market. Its remaining assets consisted almost entirely of commercial paper and real estate. Much of the paper was originally secured by mortgages on live stock or lands and the real estate now owned by defendant has been acquired through foreclosure. The makers of the paper held by defendant are residents largely of the Dakotas and Montana and the security, whether chattel or real, was mostly in those states.

Mr. Green's testimony indicates that his own experience with the assets in question, plus much special investigation for the purpose of ascertaining their value and the possibilities and best means of realizing thereon, has put him in about as good a position as any one man can occupy to form an opinion as to their value. It is altogether probable that as to isolated items Mr. Green may have had no personal knowledge and his information may have been unreliable. In such a case, it is entirely conceivable that his opinion would not be worth much as evidence. But the result is not controlled by any one item. Mr. Green has had much experience as a banker both in South Dakota and South St. Paul, and also as manager of a live stock loan business in the latter city. He qualified himself beyond question to express a persuasive opinion concerning "the probable amount of available assets." That was the thing to which his testimony was directed. Sec. 8026, G. S. 1923. That and the other elements for consideration are to be established by "such evidence by affidavit or otherwise as may be presented by the receiver."

Necessarily, the court in determining how much to assess stockholders must deal with the assets as a whole and be governed by the reasonable probabilities for the realization of money therefrom. Finch, Van S. & McC. v. Vanasek Co. 132 Minn. 9, 155 N. W. 754; Farwell, O. K. & Co. v. Goodhue Co. Co-Op. Co. 160 Minn. 64, 199 N. W. 436.

The exclusionary rules of evidence should not be applied with their usual strictness but aside from the evidence by affidavit, authorized by statute, the court is not compelled to receive anything but competent evidence. Objecting stockholders may insist that proper and sufficient proof be made as to all matters involved. Straw & E. Mnfg. Co. v. L. D. Kilbourne B. & S. Co. 80 Minn. 125, 83 N. W. 36. The degree and kind of proof must be left very largely to the requirements of each case and the discretion of the trial judge.

For appellant the request is made that we formulate a rule for the protection of objecting stockholders which will indicate just how a receiver must prove his case for an assessment. It seems to us that in the case last cited such a rule is formulated with as much precision as the nature of the problem permits. There should be no assessment without "proper and sufficient proof" of all facts necessary to support it. The problem in the first instance is for the trial court. Some cases may be susceptible of very simple and direct proof, while others may present a mass of assets, the value of which can be gotten at in the first instance only by summary and opinion evidence. That is what was done here and the opinion of Mr. Green is based upon such a foundation of personal experience, investigation and qualification as to make it sufficient support for a prima facie case. There was no proof contra.

One of the precise objections is that in many cases the reports procured by Mr. Green from investigators on the ground in South Dakota and Montana were not produced in evidence. The stockholders were entitled to an inspection of the reports in question and all other pertinent records of the corporation before the hearing. Appellants did not avail themselves of that right. They were also entitled to require the production in court, for their use in evidence, of all pertinent documents in the receiver's possession. Yet they served no notice to produce any of them. The receiver was under no duty to bring all his records into court. He could have been compelled to produce any of them.

Stockholders have such rights with respect to the records of a corporation, and the nature of the inquiry is such that, when it comes to determining the amount of their superadded liability, if

any, they cannot object that a qualified witness summarizes the liabilities and assets and strikes a balance. Their rights of preliminary inspection, cross-examination and to require the production of documentary evidence in the hands of the receiver, assure them against prejudice other than such as may arise from their own failure to use the rights which are theirs. In this case no actual prejudice is suggested. The only complaint is of a technical deficiency of proof and a failure to produce all the documents which, together with many other factors, resulted in the opinions expressed by the witness.

Order affirmed.