## IN RE RECEIVERSHIP OF FARMERS DAIRY COMPANY. C. G. VELANDER AND OTHERS, APPELLANTS.[1]

April 19, 1929.

No. 26,837.

[1]Reported in 225 N. W. 22.

*Arnold & Arnold,* for appellants.

*Courtney & Courtney,* for George H. Ebert, respondent receiver.

HOLT, J.

The appeal is from an order assessing the stockholders in an insolvent domestic corporation 100 per cent upon each share of stock owned.

The order appealed from was made February 11, 1928, and the notice of appeal served March 14, 1928. On the application of appellants this court remanded the case to enable them to obtain a settled case and move for amended findings and a new trial. The case was settled, the order amended so as to make the articles of incorporation a part thereof, and an order entered June 22, 1928, denying appellants a new trial. No appeal was taken from the last order. The case is now returned. It is plain that the only order for review is the one of February 11, 1928, as amended.

The appellants are stockholders of Farmers Dairy Company, a corporation organized in December, 1921, under L. 1921, p. 25, c. 23, with a capital stock of $25,000. The articles of incorporation provide:

"The general nature of its business shall be to conduct an agricultural, mercantile and manufacturing enterprise upon the co-operative plan. It shall have the power to buy and sell its own products, or those of its members or of other co-operative associations, as it, or its members, or other co-operative associations, may

determine, either individually or collectively as the case 'may be. * * * It shall have power to do anything and everything, not inconsistent with law, which is necessary or desirable to accomplish the effects and purposes herein stated. * * * The amount of indebtedness that may be incurred by or in behalf of this Association shall at no time exceed the amount of the paid up capital stock of the Association."

The par value of each share of stock was $50. There were issued 382 shares to 149 different persons, firms, and corporations, thereby limiting the authorized indebtedness to $19,100. The corporation incurred debts among others to Taylor Instrument Company, which obtained a judgment against it therefor which was docketed in the district court of St. Louis county on November 4, 1922, in the amount of $104.41. An execution issued thereon was returned unsatisfied. Thereafter, on the request of the judgment creditor, George H. Ebert was appointed receiver of the corporation, and on his petition to enforce stockholders' double liability the order appealed from was made. Meanwhile and on January 11, 1923, the corporation, on its own petition, was adjudged a bankrupt in the United States district court for the district of Minnesota, wherein that court determined that it was indebted to its creditors in the sum of $21,351.37, and its assets were therein disposed of and a dividend of .06074 distributed to the creditors. There are still unpaid debts to the amount of $20,054.41 and no assets to pay with.

Many errors are assigned, some of which are so obviously without merit that no extended discussion will be required. In the published notice of the hearing of the receiver's petition a mistake in its date was made—1926 instead of 1927. There was also personal service of the notice and service by mail. One of the appellants answered the petition, another demurred thereto, C. G. Velander testified at the hearing. The court in the order recites that notice was duly given. Appellants appealed jointly. They joined in the application to have the case remanded and for amended findings. No question was made in the court below that any one of appellants was not duly served with notice of the hearing of the

petition. The claim that appellants were not served with notice of hearing is without merit as to some of them and too belated as to others. Even if one or two of them were not served it would not divest the court of jurisdiction. Merchants & Mfrs. State Bank v. Dyste, 171 Minn. 133, 213 N. W. 560. In Kuhlman v. Granite City Inv. Corp. 174 Minn. 166, 168, 218 N. W. 885, the court stated in respect to a similar situation: "The court had jurisdiction of the corporation. That was sufficient."

The main proposition advanced by appellants is that the corporation could not contract any debts except through dealings with its members, or with members of other co-operative associations or with such associations, and therefore the judgment creditor who caused the appointment of this receiver was not entitled either to judgment or an enforcement thereof out of the constitutional liability of stockholders. If this be true, many of the other creditors hold claims likewise unenforceable in a proceeding of this sort. There is no statute prohibiting corporations organized as was the Farmers Dairy Company from dealing with others than co-operative associations and members thereof. L. 1921, p. 25, c. 23, § 1, cannot be construed as in any manner restricting the power of a corporation formed thereunder to deal with whomsoever it desired, for it provides:

"A co-operative association, society, company or exchange may be formed for the purpose of conducting any agricultural, dairy, mercantile, mining, telephone, manufacturing, mechanical, or electrical heat, light and power business upon the co-operative plan, and in addition to other powers, * * * shall have the power to buy, sell or deal in its own products, the products of its individual members, the products of any other co-operative association whether organized under the provisions of this act or otherwise."

Then follow provisions giving power to buy, sell, lease and encumber real and personal property. The very nature of the business and enterprises for which co-operative corporations may be organized under this law makes it plain that there can be no con-

finement of dealings to certain persons or associations. It is rather indicative of an intent to confer powers additional to those possessed by the ordinary corporations. Furthermore, this language from the articles of incorporation of the Farmers Dairy Company is quite significant:

"It shall have power to do anything and everything, not inconsistent with law, which is necessary or desirable to accomplish the effects and purposes herein stated."

It cannot be held that either the law under which the corporation was organized or its articles of incorporation excluded any person from contracting with it. It follows that creditors who are not co-operative associations or members thereof are on a par with those who are. Hence the judgment creditor whose claim occasioned the appointment and qualification of this receiver had a right to resort to the double liability of the stockholders for a satisfaction of that judgment the same as if the judgment had been in favor of a co-operative association or a member thereof. It also results in holding that it was not necessary at the hearing of the petition for the assessment to determine what claims were held by co-operative associations or its members.

We think the evidence amply sufficient to establish that the claims against the corporation amounted to $20,000 with nothing from which to satisfy them except what could be realized from the stockholders' constitutional liability. The records and results of the bankruptcy proceeding furnished cogent proof justifying a 100 per cent assessment. It is claimed that effort to enforce stockholders' double liability should not be made until all assets of the corporation are first exhausted, Minneapolis Baseball Co. v. City Bank, 66 Minn. 441, 69 N. W. 331, 38 L. R. A. 415; Drovers State Bank v. Drovers C. L. & Inv. Co. 167 Minn. 283, 208 N. W. 997. It should be assumed that the trustee in bankruptcy had realized upon all available assets. The appellants offered no evidence of the existence of any property or resources belonging to the corporation from which anything could be paid.

The court was not required to determine the parties liable as stockholders or the liability and responsibility of the individual stockholder when making the assessment. The probable amount of the claims against the corporation appears to exceed the stockholders' double liability even if all was collectible, so the court in any event was justified in making the 100 per cent assessment. If more should be paid in than is required the stockholders may have the excess refunded. We think within the decision of Drovers State Bank v. Drovers C. L. & Inv. Co. 167 Minn. 283, 208 N. W. 997, the receiver made proper and sufficient proof of the grounds for an assessment. The bankruptcy records and the fact that the estate of the corporation had been administered in the bankruptcy court might weigh heavily with the trial court.

It is urged that the claims exceed the limit of indebtedness as fixed by the articles of incorporation and as to such excess there is no constitutional liability. State ex rel. Hilton v. Mortgage Sec. Co. 154 Minn. 453, 192 N. W. 348. The probability that the 100 per cent assessment will bring enough to pay the claims which accrued before the debt limit was reached appears so remote that the court was fully justified in not making it less.

There is also a contention that many of the creditors who hold unpaid claims against the corporation do not desire the receiver to proceed against the stockholders. We see little force in this. Until those who have expressed such a desire have furnished a legal satisfaction or release of their claim the court could not exclude their claim from the amount of the debts which it was necessary to meet by the assessment.

The order is affirmed.