FREDERICK J. MILLER v. W. H. RYAN.[1]

January 20, 1933.

No. 29,173.

[1]Reported in 246 N. W. 465.

*E. A. Kling,* for appellant.
*Frederick J. Miller,* pro se.

HOLT, JUSTICE.

The appeal is by defendant from an order overruling his demurrer to the complaint. The order certified the question involved to be important and doubtful.

The action is by the receiver of an insolvent domestic corporation to recover of defendant, one of its stockholders, an assessment ordered in virtue of art. 10, § 3, of our state constitution. The complaint alleges that the corporation was organized November 19, 1920, under the laws of this state; that on October 3, 1931, one Albert D. Enke brought an action in the district court against the corporation to sequestrate all its property and assets and for the appointment of a receiver, and therein the court made an order sequestrating the property of the corporation, appointing the plaintiff receiver thereof, and directing him to take possession of all its assets, pay its debts therewith, and perform such duties as devolve upon a receiver; that plaintiff has qualified and is acting as such; that the debts of the corporation greatly exceeded the value of its assets, and the amount realized from the latter was insufficient to pay its debts; that this plaintiff petitioned the court setting forth that the assets of the corporation were insufficient to pay its debts and asking for an order assessing the stock and stockholders of the corporation; that the court made an order fixing a time for hearing the petition; that due notice of said order for hearing was given and hearing had, and thereupon an order was made by the court assessing each and every share of the stock of said corporation 100 per cent of its par value, which order was filed January 27, 1932. It is alleged that on October 3, 1931, defendant was the owner of 40 shares of the capital stock of the Little Falls Elks Home Association of the par value of $10 a share; that notice of the assessment has been duly given defendant and demand for payment made; but that he has paid no part thereof.

The only defect suggested in the complaint is that it does not aver that the suit brought by Enke, which culminated in the order of sequestration and the appointment of the receiver, was based upon a debt accruing prior to April 18, 1931. By G. S. 1923, § 8013, as amended, 2 Mason, 1927, id. a judgment creditor of a corporation, when an execution issued upon the judgment is returned unsatisfied, is entitled, upon complaint made to the court, to have the court sequestrate the assets of the corporation and have a receiver appointed. In the proceeding thus originating, if it is found necessary in order to satisfy the claims filed and allowed, the court may enforce stockholders' liabilities pursuant to the provisions of G. S. 1923, §§ 8025, 8026, 8027 and 8029, as amended, 2 Mason, 1927, id. It is immaterial to sequestration whether the judgment upon which execution was returned unsatisfied was upon a debt which accrued before or after April 18, 1931. The judgment creditor is entitled to sequestration even though the judgment debtor is a corporation whose stockholders are free from the so-called double liability. But in the case at bar it appears that an order has been filed which conclusively determines that the corporation is one where there is a double liability upon the owners or holders of the shares of its stock, and that claims exist which cannot be paid from the assets, but that 100 per cent assessment on the par value of the shares of stock is necessary. State ex rel. Hilton v. Mortgage Security Co. 154 Minn. 453, 192 N. W. 348; Phelps v. Consolidated V. & E. Co. 157 Minn. 209, 195 N. W. 923. If Enke's claim accrued subsequent to April 18, 1931, he may not be able to receive payment from the double liability collected; but that can be of no materiality in this action by the receiver to enforce the order of assessment against the stockholders, for there may be claims allowed which accrued before April 18, 1931. Any defense personal to defendant he may interpose in this suit, but he may not now defend upon anything in Enke's complaint which might show that Enke is not entitled to share in the fund derived from the double liability of the stockholders.

The order overruling the demurrer to the complaint is affirmed.