## L. M. HATLESTAD v. A. B. ANDERSON.[1]

January 24, 1936.

No. 30,527.

S. H. Eckman, for appellant.
Heitmann, McCabe, Gruber & Clure, for respondent.

[1]Reported in 265 N. W. 50.

HOLT, JUSTICE.

Defendant appeals from the order denying defendant's motion in the alternative for judgment notwithstanding the verdict or a new trial.

The action is to enforce an assessment against the shares of stock held by defendant in the Alamoe Realty Company, an insolvent domestic corporation, whose assets were sequestrated and plaintiff appointed receiver on December 6, 1933. Plaintiff duly qualified. Upon plaintiff's petition and a hearing had, on notice personally served on the stockholders, the court made an order assessing each share of stock in the corporation 100 per cent. The order was signed April 19, 1934, but was not filed until December 12, 1934. Although defendant was served with notice to pay the assessment, he failed to do so, and this action was commenced to enforce payment. An amended complaint was served in August, and a trial was had on January 16, 1935, at the close of which each side moved for a directed verdict. Defendant's motion was denied and plaintiff's granted.

The assignments of error are aimed at the refusal to direct a verdict in favor of defendant and directing one in favor of plaintiff; and the basis for the court's action in that regard is the admission in evidence, over defendant's objection, of the order of assessment against the shares of stock in the insolvent corporation. The validity of that order has been decided in Mutual T. L. Ins. Co. v. Alamoe Realty Co. 196 Minn. 226, 265 N. W. 48, filed herewith. That order, when filed, conclusively determined "that the corporation is one where there is a double liability upon the owners or holders of the shares of its stock, and that claims exist which cannot be paid from the assets, but that 100 per cent assessment on the par value of the shares of stock is necessary." Miller v. Ryan, 188 Minn. 35, 37, 246 N. W. 465, and cases therein cited. It must be conceded that it was necessary for plaintiff to prove that an order of assessment had been made. The order, exhibit D, was offered and received in evidence over defendant's objection, the particular objection being that, though made April 19, 1934, before the commencement of the action in July, 1934, it was not filed until December 12, 1934.

The trial was in January, 1935. Defendant invokes the rule that an order of the court has no validity or force until filed or entered on the records of the court. The order of assessment is a condition precedent to a suit against the stockholder, and here there was no order of assessment entered on the records or filed until after this action was begun; hence it was premature. There is no question but that someone blundered in not promptly filing the order after it was made. It must be conceded that it was of no force or effect until filed. It was, however, filed a month before the trial. A dismissal of the action would have been of no advantage to either party, for there was ample time to bring another action against defendant. Now it is too late. We think the failure to file the order before the action was begun was a procedural error which may be disregarded as provided in 2 Mason Minn. St. 1927, § 9285:

"In every stage of an action, the court will disregard all errors or defects in the pleadings and proceedings which do not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason thereof."

This section was applied in an erroneous assessment proceeding of shares in an insolvent domestic corporation in Phelps v. Consolidated V. & E. Co. 157 Minn. 209, 195 N. W. 923. Had the objection been sustained and the action consequently dismissed because prematurely brought, a second action could have been instituted at once and successfully maintained; therefore defendant's substantial rights were not affected by the adverse ruling on the objection to exhibit D.

Aside from the beginning of this action prior to the filing of the order of assessment, the defendant offered no evidence whatever that he did not own or hold the number of shares of stock in the Alamoe Realty Company alleged in the complaint and well supported by the evidence of officers and stockholders in the company.

The order is affirmed.